Bill DURHAM, also known as William
Morgan Durham, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 3543.

Supreme Court of Wyoming.

Jan. 24, 1967.

David D. Uchner, Gillette, for appellant.

Dean W. Borthwick, Deputy Atty. Gen.,. Cheyenne; Wade Brorby, County and Pros.. Atty., Gillette, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY and McINTYRE, JJ.

PER CURIAM.

. Defendant Durham was charged on four counts of issuing fraudulent checks, two of which were dismissed by the court. On the remaining two, defendant was found guilty and sentenced from two to four years on. each, which sentences were to run concur--rently. He has appealed, alleging four er--rors, (1) the trial court refused to instruct. the jury as to the meaning of willfully and. feloniously; (2) the court's instruction, that no inference should be drawn from the fail--ure of defendant to testify and that such. failure to testify did not in any manner re--move the presumption of innocence or re-lieve the State of the burden of proving-defendant's guilt, was prejudicial; (3) there-was no proper foundation for admitting the checks in evidence; (4) the State failed to, sustain its burden of proof.

■ We have carefully analyzed the argument and reviewed the record in the light of the contentions made. No authorities are cited as holding that it is necessary for a court to define to a jury in a criminal case the words "willfully" or "feloniously" and we think that this is unnecessary unless in the particular case the words in question had a definite, technical meaning under the law different from the ordinary meaning and which the jury might therefore not understand. We know nothing in the instant case which would require such a definition. .

■ As to the instruction that the jury should draw no inference from defendant's failure to testify, we are cited no instance in which a court has held such an instruction to be improper. Moreover, defendant interposed no objection at the time that the instruction was given, and this is requisite if the matter is to be urged as a basis for appeal.

■ It is argued that because of a lack of testimony as to the identity of defendant's handwriting there was no proper foundation for the admission of the two checks. The contended necessity of identifying the handwriting was not requisite in the present situation since in each of the two instances an eyewitness had testified that he saw the defendant writing or signing the check. The identity was thus sufficiently established to warrant admission of the written instruments.

■ Defendant maintains finally that the State did not prove intent and that under § 6–42, W.S.1957, one of the elements of the crime of which the defendant was convicted is intent to defraud. He recognizes that § 6–42 states, "It shall be prima facie evidence upon proof of the fact that the drawer or maker did not have an account with the drawee, at the time of issuance that the drawer or maker intended to defraud", but insists that there was no proof beyond a reasonable doubt that an account was not registered in defendant's name. In particular, he points to the testimony of the auditor of the bank who stated that the only reason he could testify that it was he who had stamped "no account" on one of the checks was that it would have been his duty to do so on the day in question. Nevertheless, in view of the auditor's testimony that upon presentation of one of the checks they "searched the bank for evidence of an account under the name of Bill Durham * * * and found nothing to indicate that there was an account under * * * [that] name," and on the other occasion, "made our routine investigation as to whether or not there was an account in the name of Bill Durham [and f]inding nothing, we returned the check * * *," we cannot say that the State failed to prove beyond a reasonable doubt that the defendant did not have an account with the bank at the time each check was issued.

The verdict and judgment of the trial court must be affirmed.

Affirmed.