**David ROWE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 97–345.**

Supreme Court of Wyoming.

Feb. 26, 1999.

Rehearing Denied March 25, 1999.

Sylvia L. Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and T. Alan Elrod, Assistant Public Defender, Representing Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Robin Sessions Cooley, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

The issue of import in this case is the claim by David Rowe (Rowe) that the crime of

---

* Chief Justice at time of oral argument; retired November 2, 1998.

child abuse is a specific intent crime and the jury should have been so instructed. An alternative issue is asserted concerning the failure of the State to establish the essential element of Rowe's age. We hold that the crime of child abuse is not a specific intent crime, and there was no error in the instructions given to the jury by the trial court. The evidence in the record that would justify the jury in finding that Rowe was an adult or at least six years older than the victim is very substantial if not overwhelming, and Rowe's claim of insufficiency of the evidence borders on frivolity. The Amended Judgment and Sentence of the Court entered in the trial court is affirmed.

Rowe filed a Brief of Appellant in which he stated these issues for resolution:

Did the state fail to prove the essential element of Appellant's age, in prosecuting Appellant for child abuse[?]

Because child abuse is a specific intent crime, is the court's failure to instruct the jury on the element of intent, plain error?

In the Brief of Appellee, filed by the State, the issues are restated:

I. Whether the evidence is sufficient to sustain appellant's conviction for child abuse?

II. Whether the district court properly instructed the jury with respect to the charge of child abuse?

On June 11, 1997, Rowe was convicted of one count of felony child abuse in violation of Wyo. Stat. Ann. § 6–2–503 (Michie 1997).[1] The charge against Rowe was presented because of injuries sustained by R.H., the then five-year-old daughter of Rowe's live-in-girlfriend, A.P. Injuries to R.H. were observed by her kindergarten teacher on November 7, 1996, and the teacher reported those injuries to the school principal. The principal made a report to authorities, and the Cheyenne Police Department and the Department of Family Services (DFS) were involved. After investigation by the police department and DFS, R.H. was taken into protective custody on November 8, 1996. Rowe was arrested, and he was charged with three counts of child abuse, which later were reduced to one count, in violation of Wyo. Stat. Ann. § 6–2–503. A.P. was charged with child endangering; but, in exchange for her testimony at Rowe's trial, the charge against her was dropped.

We address first the second issue claimed by Rowe, that child abuse is a specific intent crime. He grounds this claim upon dictum by this Court in *Longfellow v. State*, 803 P.2d 848, 853 (Wyo.1990). To place this reliance upon *Longfellow* in appropriate context, we quote from that opinion:

The state elicited both specific instances of abuse of Valerie and general testimony regarding appellant's temper. Our required review of prior precedent leads us to the factually-similar case of *Grabill v. State*, 621 P.2d 802 (Wyo.1980).

In *Grabill*, the victim's mother went grocery shopping and left the victim at home with her boyfriend. When she returned, she found a bruise on the baby's right ear. The comatose baby was taken to a hospital where it was discovered that she had suffered brain damage from a blow to the head. At the boyfriend's trial for child abuse, the prosecution presented testimony concerning his prior abuse of other children from his two marriages. We found this "prior bad acts" evidence admissible under W.R.E. 404(b) because of its relevance to the question of intent and of which of two persons inflicted the injury-

---

1. Wyo. Stat. Ann. § 6–2–503 provides:
    (a) Except under circumstances constituting a violation of W.S. 6–2–502, a person is guilty of child abuse, a felony punishable by imprisonment for not more than five (5) years, if:
        (i) The actor is an adult or is at least six (6) years older than the victim; and
        (ii) The actor intentionally or recklessly inflicts upon a child under the age of sixteen (16) years:
        (A) Physical injury as defined in W.S. 14–3–202(a)(ii)(B); or

        (B) Mental injury as defined in W.S. 14–3–202(a)(ii)(A).
    Wyo. Stat. Ann. § 14–3–202(a)(ii)(B) (Michie 1997), provides:
        (B) "Physical injury" means death or any harm to a child including but not limited to disfigurement, impairment of any bodily organ, skin bruising, bleeding, burns, fracture of any bone, subdural hematoma or substantial malnutrition[.]

the defendant or the victim's mother. *Grabill,* 621 P.2d at 810.

The same concerns are present in this case: identity and intent. The prosecution needed to establish whether appellant or Brad Longfellow was responsible for the crimes against Christopher. This put "identity" at issue. The prosecution also needed to establish "intent" for purposes of the "intentionally or recklessly" requirement of the child abuse statute, W.S. 6–2–503(a)(ii) (Cum.Supp.1987). We hold that the testimony regarding abuse of Valerie was properly entered into evidence for purposes sanctioned by Rule 404(b).

Appellant argues that since second degree murder is a general intent crime, there was no need to prove intent in this case by admission of the 404(b) evidence. However, even a general intent crime requires a showing that the prohibited conduct was undertaken voluntarily. *Crozier v. State,* 723 P.2d 42, 52 (Wyo.1986). The instances of prior abuse were therefore relevant to show general intent. Also, specific intent is an element of the other crime charged, child abuse. Intent was therefore at issue in this case and was a valid reason for admitting the 404(b) evidence.

*Longfellow,* 803 P.2d at 853. A careful reading reveals that the court was addressing the crime of second-degree murder and the admissibility of evidence of prior bad acts pursuant to W.R.E. 404(b). It is clear that the one sentence stating that specific intent is an element of child abuse is dictum in *Longfellow.* Normally, dictum need not be overruled. Lest the matter be left in any doubt, however, we specifically recant the language in *Longfellow* upon which Rowe relies.

■ An analysis of our child abuse statute in light of other pronouncements from this Court leads to the ineluctable conclusion that child abuse is a crime requiring only general intent, not specific intent. The statute provides:

(a) Except under circumstances constituting a violation of W.S. 6–2–502, a person is guilty of child abuse, a felony punishable by imprisonment for not more than five (5) years, if:

(i) The actor is an adult or is at least six (6) years older than the victim; and

(ii) The actor intentionally or recklessly inflicts upon a child under the age of sixteen (16) years:

(A) Physical injury as defined in W.S. 14–3–202(a)(ii)(B); or

(B) Mental injury as defined in W.S. 14–3–202(a)(ii)(A).

Wyo. Stat. Ann. § 6–2–503. More than twenty years ago, we articulated the basis for deciding whether a crime involves specific intent or general intent. In *Dorador v. State,* 573 P.2d 839, 843 (Wyo.1978), we said:

When the statute sets out the offense with only a description of the particular unlawful act, without reference to intent to do a further act or achieve a future consequence, the trial judge asks the jury whether the defendant intended to do the outlawed act. Such intention is general intent. When the statutory definition of the crime refers to an intent to do some further act or attain some additional consequence, the offense is considered to be a specific intent crime and then that question must be asked of the jury.

The difference between specific and general intent crimes was explained again in *Dean v. State,* 668 P.2d 639, 642 (Wyo.1983), where we said:

" * * * 'When the definition of a crime consists of only the description of a particular act, without reference to **intent to do a further act** or **achieve a future consequence**' the fact that the defendant intended to do the proscribed act makes that crime a **general criminal intent** offense. (Emphasis added.) 'When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of **specific intent.**' * * * " (Emphasis in original.) *People v. Love,* 111 Cal.App.3d Supp. 1, 168 Cal.Rptr. 591, 600 (1980).

The child abuse statute contains no requirement that the accused intend any further act or future consequence, but merely requires that an accused intentionally or recklessly inflict physical injury. This language is distinguishable from the statutory language de-

fining specific intent crimes such as larceny,[2] stalking,[3] forgery,[4] or burglary,[5] all of which encompass the intent to accomplish some specific objective beyond simply performing the prohibited act.

Historically this Court has equated the word "intentionally" as synonymous with "purposely," "deliberately," "knowingly," "voluntarily," and "consciously" in both criminal and civil cases. *E.g., State v. Keffer,* 860 P.2d 1118, 1138 (Wyo.1993); *Young v. State,* 849 P.2d 754, 759 (Wyo.1993); *Matter of Adoption of G.A.R.,* 810 P.2d 113, 118 (Wyo. 1991); *Matter of Adoption of CJH,* 778 P.2d 124, 127 (Wyo.1989); *Crozier v. State,* 723 P.2d 42, 54–55 (Wyo.1986); *Matter of Adoption of GSD,* 716 P.2d 984, 990 (Wyo.1986); *Dean,* 668 P.2d at 642; *Matter of Adoption of CCT,* 640 P.2d 73, 76 (Wyo.1982); *Stuebgen v. State,* 548 P.2d 870, 885 (Wyo.1976); *Kennedy v. State,* 422 P.2d 88, 91 (Wyo.1967); *Nunez v. State,* 383 P.2d 726, 728 (Wyo.1963). All this demonstrates that the use of the word "intentionally" in Wyo. Stat. Ann. § 6–2–503 connotes only an act that is done deliberately, purposely, knowingly, voluntarily or consciously, but does not require any "intent to do some further act or attain some additional consequence * * *." *Dorador,* 573 P.2d at 843.

■ We reject the claim by Rowe that child abuse is a specific intent crime, and the concomitant of our holding is that there was no requirement for the jury to be instructed on specific intent. Rowe offered no instruction defining the word "intentionally." Had one been offered, the trial court would have been justified in not giving it because, as is clear from our recognition of synonyms, the word "intentionally" has no technical meaning so different from its ordinary meaning that the jury could misunderstand its import.

*Cardenas v. State,* 811 P.2d 989, 996 (Wyo. 1991) (*quoting Durham v. State,* 422 P.2d 691, 692 (Wyo.1967)). Any attempt to instruct with respect to such a self-explanatory term would have a reasonable tendency to confuse the jury. *See Collins v. State,* 854 P.2d 688, 699 (Wyo.1993). No error occurred in this case with respect to the instructions to the jury.

We turn then to the first issue argued by Rowe, which is insufficiency of the evidence to establish the statutory element of the crime that Rowe be an adult or at least six years older than R.H. Our standard of review of the sufficiency of the evidence in a criminal case has endured for more than half a century. In *Willis v. Willis,* 48 Wyo. 403, 49 P.2d 670, 678 (1935), *overruled on other grounds, Shaw v. Smith,* 964 P.2d 428 (Wyo. 1998), this Court said:

> [T]he appellate court must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. 4 C.J. 857.

We recently applied this standard, saying the court "assesses whether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State." *Bloomquist v. State,* 914 P.2d 812, 823 (Wyo.1996), which was followed in *Blake v. State,* 933 P.2d 474, 480 (Wyo.1997). In *DeWitt v. State,* 917 P.2d 1144, 1148–49 (Wyo.1996), this standard was invoked in a case involving a charge of child abuse.

---

2. The crime of larceny is a specific intent crime because the statute requires the prohibited act be done "with intent to deprive the owner or lawful possessor * * *." *Wetherelt v. State,* 864 P.2d 449, 451 (Wyo.1993).

3. The crime of stalking is a specific intent crime because the statute requires the prohibited act be done "with intent to harass another person * * *." *Luplow v. State,* 897 P.2d 463, 465 (Wyo.1995).

4. The crime of forgery is a specific intent crime because the statute requires the prohibited act be done "with intent to prejudice, damage or defraud * * *." *Grable v. State,* 649 P.2d 663, 676 (Wyo.1982).

5. The crime of burglary is a specific intent crime because the statute requires the prohibited act be done "with intent to commit larceny or a felony * * *." *Fales v. State,* 908 P.2d 404, 408 (Wyo. 1995).

In attacking the sufficiency of the evidence, Rowe contends that the State failed to prove his age or the age differential element set forth in Wyo. Stat. Ann. § 6–2–503(a)(i), which requires that, "[t]he actor is an adult or is at least six (6) years older than the victim[.]" Rowe argues that the State failed to establish either that he was an adult or that he was at least six years older than his victim.

 Our examination of the record discloses more than thirty separate statements by witnesses in the course of the trial which describe conduct by Rowe that could not credibly be ascribed to a child of eleven years of age. (We use age eleven because the victim was only five years old at the time of these events.) Witnesses said at least five times that Rowe had attended classes at Laramie County Community College, in some cases at night. Seven times witnesses stated that Rowe was A.P.'s live-in-boyfriend or fiancé, or that he shared a bedroom with her. In sixteen instances witnesses testified that Rowe took an active role in the discipline of A.P.'s three children. Four references are made to the fact that Rowe provided child care while A.P. was at work. The jury also learned that Rowe drove a car, interviewed for a job, and attended a parent-teacher conference with A.P. regarding one of her children. All of this testimony, ascribing the conduct of an adult to Rowe, is more than sufficient to lead to a conclusion that he was at least eleven years old. Furthermore, Rowe was present at trial, and he was observed by the jury. Even his attorney admitted that the evidence showed his client was an adult, saying, "[a]nd again, I'm not going to stand here and waste anybody's time. I know the evidence shows that my client is an adult."

The State argues, correctly, that the jury could conclude, both from the evidence presented and from Rowe's physical appearance, that Rowe was an adult, or in any event was at least six years older than his five-year-old victim. Rowe's argument might be described by some critics as tending to insult the collective intelligence of this Court. We hold that the evidence was almost overwhelming, and was more than sufficient to permit the jury to reach a reasonable conclusion that the State had established this element of the charged offense.

The Amended Judgment and Sentence of the Court is affirmed.