[Crim. No. 10096.   Second Dist., Div. Three.   Feb. 7, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. JOSE GARCIA, Defendant and Appellant.

Bradford A. Arthur for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Jose Garcia, indicted for the sale of heroin in violation of section 11501, Health and Safety Code, was brought to trial without a jury, November 21, 1963. It appears from the clerk's transcript, which is the only record of that trial, that it was stipulated that one Massar was a qualified chemist and that it was deemed he had testified for the People. While this was the extent of the stipulation it may be assumed that Massar was called to prove he had analyzed a sample of heroin and it was disclosed that he had only identified a substance as marijuana. Upon motion of the district attorney and over defendant's objection, the indictment was amended by interlineation to substitute ''marijuana'' and section ''11531'' for ''heroin'' and section ''11501'' of the Health and Safety Code. Defendant was arraigned on the indictment as amended, pleaded not guilty and jury trial was waived on the issue of guilt and the allegation of a prior conviction of felony. Defendant did not request a continuance; the court offered to release him on his own recognizance and the offer was refused. Defendant was found guilty of the sale of marijuana, a probation report was ordered, defendant moved for a new trial and the motion was granted. A second trial was had the following April. Defendant admitted a former conviction of the sale of heroin, was convicted by a jury of the sale of marijuana, was sentenced and took an appeal from the judgment.

Officer Castruita testified that he made a purchase of loose marijuana from defendant in the home of defendant's mother for which he paid $7.50. On the stand, defendant denied having had any transaction in marijuana with Officer Castruita.

The grounds of appeal are (1) the court had no power to permit amendment of the indictment (2) defendant was subjected to double jeopardy and (3) it was error to receive evidence that after the first trial defendant had admitted to a probation officer that he had participated in the sale of three marijuana cigarettes to a narcotic officer. None of these grounds of appeal is sustainable.

The court can permit amendment of an information or indictment at any stage of the proceedings; when the pleading is amended the defendant has a right to a continuance if he asks for it, but in the absence of a continuance the trial is to proceed. (Pen. Code, § 1009.) The indictment was amended November 22, 1963; the second trial was in April 1964.

It is not contended that the amendment of the indictment was prejudicial, nor could prejudice be claimed when defendant failed to request a continuance and had ample time to prepare for a second trial. He knew from the evidence in the first trial what he would be confronted with in the second trial.

The challenge is to the jurisdiction to permit the amendment and the argument is that it charged a different offense. Although an indictment cannot be amended so as to change the offense charged (Pen. Code, § 1009) both sections 11501 and 11531 make the sale of a narcotic a crime, and for the purpose of pleading, violation of either section is the offense charged; specification of the particular narcotic allegedly sold merely describes the manner in which the law was violated. While this is an essential of an information or indictment, an amendment which substitutes "heroin" for "marijuana," (*People* v. *Huerta*, 148 Cal.App.2d 272 [306 P.2d 505]), or which substitutes "did offer to sell" for "did sell" (*People* v. *Shepherd*, 223 Cal.App.2d 166 [35 Cal.Rptr. 597]) does not charge a different offense, within the meaning of section 1009. Clearly, there is authority to amend an indictment if the proof of the defendant's acts would be the same under either pleading, as in the present case.

The contention that defendant suffered double jeop-

ardy is unsound. The trial was for the sale of marijuana. The amended indictment superseded the original. When the first judgment was vacated by the order granting a new trial the case was restored to its original status, and a new trial was in order.

The next contention is that it was error to admit the testimony of Probation Officer Welch, who testified, over defendant's objection, that in the course of the preparation of a probation report, after defendant's first conviction, when he questioned defendant what happened, defendant told him that he went to his mother's house, where he met Rudy Vasquez; Rudy told him to go into the house and get three marijuana cigarettes, that a man wanted to buy them; he got the cigarettes, gave them to Rudy and Rudy sold them to an undercover agent, a police officer. On the stand defendant did not deny having made the statement to which Officer Welch testified.

We discover no error in the receipt of the testimony of Probation Officer Welch. The purpose of the interview was not to obtain a confession or damaging statements. The officer testified that defendant's statements were made voluntarily. He was questioned at length on *voir dire* as to what he asked and what defendant said in the interview; no leading questions were asked by the officer; no statement was made that defendant should tell the truth or that he should make any admission of guilt nor as to what kind of statements would be to his advantage or disadvantage. Defendant was not advised that he must make a statement or that his failure to make one would be held against him. If there had been any question whether defendant's statement had been obtained by threats or promises or by any sort of pressure, defendant had an opportunity to prove that he was persuaded to make a confession of a crime, but he did not avail himself of the opportunity. Defendant was on parole; he knew the statement he made could be used in a probation report and he made his admission voluntarily.

The interview of defendant was not to be compared with the questioning of the defendant in *People* v. *Quinn,* 61 Cal.2d 551 [39 Cal.Rptr. 393, 393 P.2d 705], in which pressure exerted by the interviewing officer rendered the defendant's admissions involuntary and evidence of them inadmissible and prejudicial. The case does not stand for the proposition that voluntary admissions of a convicted defendant to a probation officer are privileged to the extent that

they may not be made use of except in a probationary hearing.

Although we find no reason for holding the testimony of Officer Welch inadmissible we deplore the use of any admissions of a defendant to a probation officer as evidence against him in a trial. While the officer had no reason to warn defendant that his statement might be used against him in any criminal prosecution, we think the use of such information to convict the defendant of a crime is inherently deceptive, to say the least. And it appears to us that in order to get full cooperation from a defendant he should be advised that any statement he makes will be used only for the information of the court in a probationary hearing. We do not doubt that defendants have that belief and that if they knew their damaging admissions could be used against them in another trial they would not talk freely and the purpose of the interview would be frustrated.

The judgment is affirmed.

Ford, J., and Kaus, J., concurred.