2005 WY 127

**Fredrick Charles WILKENING,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 04–120.

Supreme Court of Wyoming.

Sept. 30, 2005.

Representing Appellant: Ken Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; James Michael Causey, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Fredrick C. Wilkening appeals from his conviction for felony interference with a peace officer. Mr. Wilkening contends that the district court erred by denying his motion requesting an independent mental examination and his motion to change his plea to not guilty by reason of mental deficiency or illness. Mr. Wilkening also claims the district court erred by allowing the State to amend the information on the day of trial. We affirm.

## ISSUES

[¶ 2] Mr. Wilkening phrases the issues on appeal as:

1.  Whether the district court abused its discretion when it denied [his] motion for an independent mental examination and his motion to enter a not guilty by reason of mental illness plea.

2.  Whether the district court erred when it allowed the State to amend the information on the first day of trial preventing [him] from presenting his defense.

The State substantially agrees with these issues.

## FACTS

[¶ 3] On November 22, 2002, Deputy David Thompson (Deputy I) was conducting a follow-up investigation of an alleged violation of a protection order by Mr. Wilkening. Upon arriving at the residence identified in the protective order, Deputy I noticed Mr. Wilkening exit a motor home that was parked behind the residence and get into a car. Deputy I notified dispatch. Deputy Jeremy Thompson (Deputy II) was assigned to assist.

[¶ 4] Prior to Deputy II's arrival, Mr. Wilkening attempted to leave the property. Deputy I ordered Mr. Wilkening to stop his vehicle. Mr. Wilkening complied with the request and exited the vehicle, but left it running. Deputy I inquired about Mr. Wilkening's presence on the property. In response, Mr. Wilkening stated he was there to retrieve a ticket he received from a Rock Springs Police Officer. He also informed Deputy I that he "was not going to jail."

[¶ 5] After Deputy II had arrived on the scene, Mr. Wilkening asked if he could turn off his vehicle. Mr. Wilkening reentered his vehicle and attempted to drive away. The deputies blocked his escape and approached the vehicle. Deputy I reached inside the driver's window, turned off the ignition, and retrieved the keys.

[¶ 6] Mr. Wilkening became angry. He started yelling, swearing, and hitting his hands and head on the steering wheel. He reiterated that he was not going to jail and told the deputies that they would have to shoot him. Deputy I advised Mr. Wilkening that he was under arrest and ordered him to exit the vehicle. Mr. Wilkening refused. He reached behind the front seat with his right hand and kept it there. Mr. Wilkening said, "I've got a gun and I'm going to shoot you." Deputy II broke out the passenger window with his baton. The deputies pulled out their duty weapons and pointed them at Mr. Wilkening. Mr. Wilkening said "I warned you," and pulled his hands up quickly. After observing that Mr. Wilkening was holding a screwdriver, not a gun, the deputies holstered their weapons and sprayed him with pepper spray.

[¶ 7] Deputy I attempted to remove Mr. Wilkening from the vehicle. A struggle ensued. Mr. Wilkening attempted to stab Deputy I with the screwdriver. Deputy I incurred multiple cuts across his knuckles and fingers on his left hand and a puncture wound to his right thumb. After striking Deputy I with the screwdriver, Mr. Wilkening attempted to dive head first through the passenger window. Deputy II grabbed him and pushed him to the ground. Deputy I struggled to handcuff Mr. Wilkening. While trying to get him under control, Mr. Wilkening repeatedly screamed "shoot me." He reached for Deputy II's weapon and succeeded in pulling it halfway out of the holster. When Deputy II removed Mr. Wilkening's hand from his weapon, Mr. Wilkening reached for Deputy I's weapon. Mr. Wilkening continued to scream, "shoot me, shoot me, shoot me." Eventually, Mr. Wilkening was handcuffed and hobbled.

[¶ 8] Mr. Wilkening was charged with felony interference with a peace officer in violation of Wyo. Stat. Ann. § 6–5–204(b) (Lexis-Nexis 2001). He was arraigned on January 2, 2003. He pled not guilty. Trial was initially scheduled for March 4, 2003. It was continued several times thereafter. All of the continuances were requested by Mr. Wilkening.

[¶ 9] On June 2, 2003, one of the scheduled trial dates, Mr. Wilkening filed a Motion for Mental Evaluation. The motion was predicated upon Mr. Wilkening's contention that he had made suicidal statements in the course of his altercation with the deputies. The motion was granted and trial was postponed. The evaluation concluded that Mr. Wilkening was competent to stand trial and determined that Mr. Wilkening had substantial capacity to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of law at the time of the incident.

[¶ 10] On September 24, 2003, Mr. Wilkening's counsel filed a motion to withdraw. The motion was granted after hearing and substitute counsel was appointed on October 9, 2003. Trial was scheduled for November 4, 2003.

[¶ 11] On October 30, 2003, the State filed a motion to amend the information. The motion sought to eliminate the "or attempt to cause" language of the original information. The motion was heard on the morning of trial. The district court granted the motion despite Mr. Wilkening's objection.

[¶ 12] During this same hearing, Mr. Wilkening made an oral motion seeking a second mental evaluation. He also sought to change his plea from not guilty to not guilty by reason of mental illness or deficiency. Both motions were denied. Trial was held. Mr. Wilkening was convicted and judgment was entered. This appeal followed.

## DISCUSSION

### Mental Competency

[¶ 13] Mr. Wilkening raises several issues relating to his mental competency. He contends that the district court erred in denying his motion for a second mental evaluation which he orally made on the morning of trial. He asserts that pursuant to our holding in *deShazer v. State*, 2003 WY 98, ¶ 32, 74 P.3d 1240, 1253 (Wyo.2003) and Wyo. Stat. Ann. § 7–11–303 (LexisNexis 2001), the trial court was required to conduct a competency hearing and erred in failing to do so. Additionally, Mr. Wilkening asserts that the district court erred in refusing to allow him to change his plea from not guilty, to not guilty by reason of mental illness or deficiency. We find no merit in any of Mr. Wilkening's contentions.

[¶ 14] On June 2, 2003, Mr. Wilkening filed a motion for mental examination pursuant to Wyo. Stat. Ann. § 7–11–301, *et seq.* In support of his motion, Mr. Wilkening stated:

2. The sworn testimony of peace officers in this matter alleges that Defendant was claiming to have a firearm and demanding that the peace officers kill him, or that he would kill them. It has been further sworn to by said peace officers that no gun was ever found, indicating that the Defendant had a desire to die at that time. This occurred almost simultaneously with the alleged offense.

In response to the motion, the district court entered an Order for Mental Evaluation. The mental evaluation was conducted and a report was filed with the court on August 7, 2003. The report indicated that Mr. Wilkening was competent at the time of the incident and was competent to stand trial.

[¶ 15] On the morning of trial, November 4, 2003, Mr. Wilkening made an oral request for a second mental evaluation. Defense counsel alleged that the motion was premised upon his belief that Mr. Wilkening suffered from a "methamphetamine psychosis" at the time of the incident. However, in the course of his argument, defense counsel also made reference to Mr. Wilkening's fitness to proceed and our decision in *deShazer*. The district court initially denied the motion. However, after a brief recess, the district court advised counsel that it was prepared to reconsider the motion. The court also informed counsel that it had reviewed *deShazer* and invited counsel to restate their positions. In doing so, defense counsel clearly and unambiguously indicated that the motion was directed toward evaluation of Mr. Wilkening's competency at the time of the incident. Defense counsel stated:

> ... What I'm asking to do is to be able to have my client change his plea from not guilty to not guilty by reason of mental illness or deficiency, pursuant to Rule 11 and Rule 12.2 of the Wyoming Rules of Criminal Procedure.
>
> I'm doing this because during the course of my representation of Mr. Wilkening in the last three weeks, it's become apparent to me that **his mental competence at the time of the offense is, in fact, an issue.** There was an independent—or rather, just a mental evaluation done of Mr. Wilkening by the state hospital by order of this Court, dated, I believe, June 2nd of 2003. And it was after that that the state hospital came back with their evaluation, essentially saying that not only was Mr. Wilkening competent to stand trial, **but also that he was competent and sane at the time of the offense.**
>
> **I take issue with that. I believe that Mr. Wilkening should have been given an opportunity, at the very least, to obtain an independent mental evaluator that could be able to contest that finding of the state hospital.** And it doesn't appear to me that anything in the record or any other information that I can find indicates anything other than that. He was not told that he had a right to enter a plea of not guilty by reason of mental illness or deficiency. And there wasn't any—he had no ability to change his plea later on.
>
> **I'd really like for him to be able to have that right because I think by not being able to use mental illness or deficiency at the time of the act, that he's being deprived of a substantial right and a substantial defense that I believe he's entitled to.** And again, I don't think that he was ever informed that he had a right to contest what the state hospital said, not only about his competence to stand trial, but his competence and sanity at the time of the alleged occurrence of the offense.
>
> **And I believe that 7–11–303 provides for us to contest the state hospital with regard to whether the—mental evaluators, with regard to that determination. Although I would concede that that statute deals only with competence and fitness to proceed with regard to the trial.**

The court responded:

> Okay. The motion of Defendant is denied. I would be probably taking a different approach to this if we were dealing with an issue of fitness to proceed, especially in view of the deShazer case and the specific language of 7–11–303(f), which mandates that the Court shall hold a hearing if the opinion relative to fitness to proceed is contested. However, it's not contested. That is not what is being contested here, so I don't think I'm mandated to afford him the opportunity for a hearing regarding that evaluation.
>
> I am also concerned about the Defendant's possible manipulation of the system, the timeliness of this. But that's not the primary consideration in my mind. I'm referring back to Rule 11(a)(1)(B), which allows the Defendant to enter a not guilty by reason of mental illness or deficiency plea at the time of the arraignment or at

such later time as the Court may for good cause permit. I have not found that good cause to allow that change of plea has been established this morning. And that is the basis for the denial of the motion. I refer specifically to paragraph—to page 3 of the transcript of the arraignment held on January 2nd. It is clear that I advised him at the arraignment of his right to enter that plea.

It is also clear from the record that he has been continuously represented by counsel, experienced counsel, in the sense that these attorneys have worked for the Public Defender's office and they handle cases of this nature. And also, the fact that even though [defense counsel] came into the case only three weeks ago, this is an issue that could have been brought to the attention of the Court earlier. He did, in fact, raise other issues.

And aside from that, the bottom line is good cause has not been shown. And that's the basis of the denial of the motion.

(emphasis added).

[¶ 16] Contrary to defense contentions on appeal, we find that the record demonstrates that Mr. Wilkening never requested a competency hearing to determine his fitness for trial. However, even if the defendant did not request a competency hearing, we have recognized that a district court has a duty to suspend proceedings and conduct a competency hearing if reasonable cause exists to believe the accused is unfit to proceed because of mental illness or deficiency. *deShazer,* ¶ 28.

[¶ 17] A defendant's competency to stand trial is an aspect of substantive due process. *deShazer,* ¶ 12. Wyo. Stat. Ann. § 7-11-302 (LexisNexis 2001) mandates that:

(a) No person shall be tried, sentenced or punished for the commission of an offense while, as a result of mental illness or deficiency, he lacks the capacity to:

(i) Comprehend his position;

(ii) Understand the nature and object of the proceedings against him;

(iii) Conduct his defense in a rational manner; and

(iv) Cooperate with his counsel to the end that any available defense may be interposed.

To guard against an incompetent person standing trial, Wyo. Stat. Ann. § 7-11-303(a) provides that: "[i]f it appears at any stage of a criminal proceeding, by motion or upon the court's own motion, that there is reasonable cause to believe that the accused has a mental illness or deficiency making him unfit to proceed, all further proceedings shall be suspended." In *deShazer,* we held that the court erred in failing to conduct a competency hearing in light of undisputed evidence that deShazer was unfit to proceed. *deShazer,* ¶ 32. No such evidence exists in this case.

[¶ 18] Mr. Wilkening received a court ordered mental evaluation. The evaluation concluded that he was competent to stand trial. The only evidence before the trial court regarding Mr. Wilkening's lack of fitness to proceed was the unsubstantiated statement of Mr. Wilkening's counsel alleging that he believed his client was suffering from "methamphetamine psychosis." "There must be more than a lawyer's assertions to justify an inference that appellant was not competent to stand trial." *Krucheck v. State,* 671 P.2d 1222, 1229 (Wyo.1983) (Raper, J., Retired, dissenting, with whom Rooney, C.J., joins) (decided on other grounds). *See also, State v. Williams,* 122 Ariz. 146, 593 P.2d 896, 904 (1979) (finding that "there was no evidence other than his lawyer's assertions of peculiar behavior to justify an inference that appellant was not competent to stand trial").

[¶ 19] Mr. Wilkening also claims the district court abused its discretion by denying his oral motions for a second mental examination and a change of plea. Requests for a second mental evaluation to determine competency at the time of the incident must be in writing and filed within five days of receipt of the initial evaluation. Wyo. Stat. Ann. § 7-11-304 (LexisNexis 2001). If Mr. Wilkening's request for a second evaluation was made pursuant to Wyo. Stat. Ann. § 7-11-304, it is untimely and not in compliance with the statute. Mr. Wilkening contends, however, that his oral motion requested a second mental examination pursuant to Wyo.

Stat. Ann. § 7–11–303(d) which provides, "[a]fter receiving a copy of the report, both the accused and the state may, upon written request and for good cause shown, obtain an order granting them an examination of the accused by a designated examiner of their own choosing." Even if this statutory section applies to a request to establish competency at the time of the incident, Mr. Wilkening must establish good cause for the granting of the motion.[1] A motion to change a plea from not guilty to not guilty by reason of mental illness or deficiency also requires a showing of good cause. W.R.Cr.P. 11(a)(1)(B) and 12.2(a).[2]

[¶ 20] "Good cause" is defined as a "[s]ubstantial reason, one that affords a legal excuse." Black's Law Dictionary 623 (5th ed.1979). Whether "good cause" exists depends upon the circumstances of each individual case and is within the discretion of the district court. *Id.* In the context of a change of plea:

> "[G]ood cause is shown when it is demonstrated that fairness and justice are best subserved by permitting the additional plea." The standard is satisfied upon petitioner's showing that, at the time of arraignment, the plea was entered due to

"mistake, ignorance, or inadvertence." Ultimately, however, the question of good cause is one addressed to the sound discretion of the trial judge and, absent a clear abuse of discretion, the trial judge's ruling will not be disturbed on appeal.

*Garza v. People of Colorado,* 200 Colo. 62, 612 P.2d 85, 86–87 (1980) (internal citations removed). *See also, Hubbell v. State,* 41 Wyo. 275, 279, 285 P. 153, 155 (Wyo.1930) (stating that the exercise of discretion in matters involving a change of plea is reviewed under an abuse of discretion standard on appeal).

[¶ 21] Mr. Wilkening's claim of good cause rests primarily upon his counsel's claim that he suffered from "methamphetamine psychosis" at the time of the incident. Such an unsupported assertion, in the face of the court ordered evaluation finding him competent to stand trial and competent at the time of the incident, does not constitute such good cause that would warrant us finding an abuse of discretion. On appeal, Mr. Wilkening adds a claim of a "second suicide by cop" incident, which he contends occurred ten days prior to trial. The incident was not properly brought to the attention of the district court and we will not consider it on

---

1. Wyo. Stat. Ann. § 7–11–303 pertains to the examination of the accused to determine fitness to proceed and provides in part:

> § 7–11–303. *Examination of accused to determine fitness to proceed; reports; commitment; defenses and objections.*
> (a) If it appears at any stage of a criminal proceeding, by motion or upon the court's own motion, that there is reasonable cause to believe that the accused has a mental illness or deficiency making him unfit to proceed, all further proceedings shall be suspended.

The remainder of section 303 discusses the procedures for an examination, findings the examination report shall contain, and the procedures to be followed after an examination has taken place. The plain language of the statute does not indicate that it applies to a second request for an examination to determine competency at the time of the incident. However, we need not decide today whether this statutory section encompasses examinations of the accused to determine competency at the time of the incident because, as is discussed in detail below, Mr. Wilkening failed to establish the requisite good cause. We note also that the request was not in writing as required by Wyo. Stat. Ann. § 7–11–303(d).

2. W.R.Cr.P. 11(a)(1)(B) provides:

> (a) Alternatives.—
> (1) In General.—A defendant may plead not guilty, not guilty by reason of mental illness or deficiency, guilty, or nolo contendere. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.
> . . .
> (B) Mental Illness or Deficiency.—A plea of "not guilty by reason of mental illness or deficiency" may be pleaded orally or in writing by the defendant or the defendant's counsel at the time of the defendant's arraignment **or at such later time as the court may for good cause permit.** Such a plea does not deprive the defendant of other defenses and may be coupled with a plea of not guilty.

(emphasis added).

W.R.Cr.P. 12.2(a) states:

> (a) Plea.—If a defendant intends to rely upon the defense of mental illness or deficiency at the time of the alleged offense, the defendant shall enter a plea of not guilty by reason of mental illness or deficiency at arraignment. **For good cause the court may permit the plea to be entered at a later time.**

(emphasis added).

appeal. *Duke v. State*, 2004 WY 120, ¶ 107, 99 P.3d 928, 959 (Wyo.2004).

[¶ 22] Based upon the foregoing, we find no error in the district court's denial of Mr. Wilkening's motions. The court did not abuse its discretion in determining that Mr. Wilkening failed to establish good cause for the second mental evaluation or to change his plea. Mr. Wilkening did not request a competency hearing regarding his fitness to proceed with trial pursuant to Wyo. Stat. Ann. § 7–11–303 and the record does not support a finding that the district court should have initiated a competency hearing *sua sponte* pursuant to Wyo. Stat. Ann. § 7–11–303 and our holding in *deShazer*.

### Amendment of the Information

[¶ 23] In his final claim of error, Mr. Wilkening contends that he was prejudiced by the amendment of the information on the morning of trial because it prevented him from presenting an intoxication defense to negate the specific intent requirement of "attempt." Rule 3(e) of the Wyoming Rules of Criminal Procedure sets forth the procedure for amending an information:

(e) *Amendment of information or citation.*—Without leave of the court, the attorney for the state may amend an information or citation until five days before a preliminary examination in a case required to be tried in district court or until five days before trial for a case not required to be tried in district court. The court may permit an information or citation to be amended:

(1) With the defendant's consent, at any time before sentencing.

(2) Whether or not the defendant consents:

(A) At any time before trial if substantial rights of the defendant are not prejudiced.

(B) At any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

We have stated that:

Wyoming Rule of Criminal Procedure 3(e) grants discretion to a trial judge in deciding whether or not a motion brought by the State to amend the information just prior to trial should be granted. Consequently, we review the trial court's decision by applying our abuse of discretion standard. In deciding whether or not the trial court abused its discretion, this court must "determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious."

*Burton v. State*, 2002 WY 71, ¶ 44, 46 P.3d 309, 320 (Wyo.2002) (quoting *Cook v. State*, 7 P.3d 53, 58–59 (Wyo.2000) (internal citations omitted)). An information may not be amended if it prejudices the defendant. *Meek v. State*, 2002 WY 1, ¶ 16, 37 P.3d 1279, 1284 (Wyo.2002).

[¶ 24] In *Meek*, on the morning of trial, the State requested permission to amend the information to change the controlled substance at issue from methamphetamine to cocaine. *Id.*, ¶ 19. Despite having concerns regarding the late filing of the motion, we found no error in permitting the amendment because there was no prejudice to Mr. Meek. *Id.* In this case, despite the late filing, we also find that Mr. Wilkening was not prejudiced by the amendment of the information.

[¶ 25] Mr. Wilkening was initially charged with a single count of interference with a peace officer based upon, 1) "intentionally and knowingly" causing bodily injury to a peace officer while that officer was engaged in the lawful performance of his official duties; and 2) "attempting" to cause bodily injury to a peace officer while such officer was engaged in the lawful performance of his official duties. During the hearing on the motion, counsel for the State advised the court that the motion was brought pursuant to our holding in *King v. State*, 2002 WY 27, 40 P.3d 700 (Wyo.2002). In *King*, we stated:

At this point, we believe it important, in our supervisory role, to point out what appears to be a recurring problem in prosecutions for felony interference. Just as in *Mueller v. State*, 2001 WY 134, ¶ 12, fn. 7, 36 P.3d 1151, ¶ 12, fn. 7 (Wyo.2001), King was charged using the entire language of § 6–5–204(b), without differentiating be-

tween the two versions of the offense. Moreover, the information was never amended to clarify which version of the offense was being pursued.

*Id.,* ¶ 24. The amended information eliminated the "attempt" alternative of the charge against Mr. Wilkening, and clarified the version of the offense which the State would pursue at trial. Mr. Wilkening has not established that he was prejudiced by the amendment. Accordingly, we do not find any abuse of discretion by the district court in permitting the State to amend the information.

[¶ 26] Affirmed.