# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 111

APRIL TERM, A.D. 2013

September 20, 2013

LEOBIGILDO URIOSTEGUI
ALBARRAN,

Appellant
(Defendant),

v.

S-13-0030

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Platte County*
*The Honorable John C. Brooks, Judge*

*Representing Appellant:*
> Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel; Office of the State Public Defender.

*Representing Appellee:*
> Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Jeffrey S. Pope, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT, Justice.**

[¶1]    The appellant was charged by Information with three crimes after a sexually charged attack on his sister-in-law.  On the morning trial was to begin, the district court allowed the State to amend Count III of the Information in order to clarify that the charge was for aggravated burglary, not simply burglary.  A jury convicted the appellant of aggravated burglary along with battery and third-degree sexual assault.  The appellant contends the district court improperly permitted amendment of the aggravated burglary charge.  We affirm.

## ISSUE

[¶2]    Did the district court abuse its discretion and deprive the appellant of his right to due process of law under the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Wyoming Constitution by granting the State's motion to amend Count III of the Information before the trial began?

## FACTS

[¶3]    Because the circumstances surrounding the sexual assault underlying this case are not pertinent to this appeal, we will simply provide a brief summary of the event.  On October 29, 2011, the appellant entered his sister-in-law's home while she and her two-year old son were asleep in her bed.  The appellant got on top of his sister-in-law ("EM") and proceeded to touch her private areas and attempted to take off her shorts and underwear.  When her son awoke, EM asked the appellant to take her out to the living room.  Once they reached the living room, the appellant threatened EM and her family, at which point EM opened the front door and screamed for help.  To silence the screams, the appellant pushed EM to the floor and began choking her.  The appellant then forced EM to make a recording on his cell phone to the effect that EM had invited him over and the entire encounter was consensual.  EM acquiesced and the appellant then left.

[¶4]    We now turn to the procedural part of this matter, with which the appellant takes issue.  On November 2, 2011, the appellant was charged with three counts by Information in Platte County Circuit Court: (1) aggravated assault and battery in violation of Wyo. Stat. Ann. § 6-2-502(a)(ii) (LexisNexis 2013); (2) third-degree sexual assault in violation of Wyo. Stat. § 6-2-304(a)(iii) (LexisNexis 2013); and (3) "aggravated burglary" in violation of Wyo. Stat. Ann. § "6-3-301(**a**)" (LexisNexis 2013).  (Emphasis added.)  Specifically, Count III of the original Information states:

> On or about October 29, 2011, **LEOBIGILDO URIOSTEGUI ALABARRAN** [sic] did, without authority, enter or remain in an occupied structure, with the intent to commit a felony therein, to-wit; **LEOBIGILDO**

1

**URIOSTEGUI ALABARRAN** [sic] did, without authority, enter a residence occupied by [EM] and her child with the intent to commit a sexual assault upon [EM], CONTRARY to the form of the statute W.S. § 6-3-301(a), in such case made and provided and against the peace and dignity of the State of Wyoming—**AGGRAVATED BURGLARY—FELONY [Maximum Penalty: Imprisonment not more than 10 years and or a fine of up to $10,000.]**

Although Count III of the original Information states "aggravated burglary," it does not cite the correct subsection for aggravated burglary; rather, it cites the subsection for burglary and the corresponding lesser penalty.[1]

[¶5]   To correct typographical errors apparently found in Count I, the State amended the Information two times in the following weeks. However, Count III remained unchanged in the Amended and Second Amended Information. A preliminary hearing was held, probable cause was found on all counts, and the case was bound over to district court.[2] At his December 12, 2011, arraignment, the appellant pleaded not guilty to all three counts.

[¶6]   On May 4, 2012, four days before trial, the appellant moved to dismiss Count III in the Second Amended Information because, as the appellant argued, it did not set out all the elements for "aggravated burglary." Although Count III alleged that the appellant entered EM's home intending to commit a sexual assault, it did not set forth that the appellant knowingly or recklessly inflicted bodily injury, or otherwise attempted to do the same. The day before trial, the district court held a hearing on the appellant's motion during which the appellant argued that "count three does not state a cause of action for aggravated battery. . . . [I]t's necessary for the state to list the elements, particularly when the element that the state omitted in this case can be pled three different ways." The State argued that aggravated burglary "fit the facts," but was not sure whether the appellant was advised of the maximum and minimum penalties for the elevated offense. The district court agreed that the Second Amended Information neither included a necessary element nor set forth the correct penalty for aggravated burglary, and took the issue under advisement.

[¶7]   On the morning of trial, the district court allowed the State to amend the Information for a third time to correct the charge of aggravated burglary and recite its maximum penalty. Count III of the Third Amended Information states:

---

[1] *Compare* Wyo. Stat. Ann. § 6-3-301(a), *with* § 6-3-301(c) (LexisNexis 2013).
[2] The order binding the case over to the district court also states that appellant was charged with "Aggravated Burglary" but cites to subsection (a) of the burglary statute instead of subsection (c).

> On or about October 29, 2011, **LEOBIJILDO** [sic] **URIOSTEGUI ALBARRAN** did, without authority, enter or remain in an occupied structure, with the intent to commit a felony therein and in the course of committing the crime of burglary, **LEOBIJILDO** [sic] **URIOSTEGUI ALBARRAN**, knowingly or recklessly inflicted bodily injury to [EM] to-wit; **LEOBIJILDO** [sic] **URIOSTEGUI ALBARRAN** did, without authority, enter a residence occupied by [EM] and her child with the intent to commit a sexual assault upon [EM] and did cause bodily injury to [EM], CONTRARY to the form of the statute W.S. § 6-3-301(a) & 6-3-301(c)(ii), in such case made and provided and against the peace and dignity of the State of Wyoming— **AGGRAVATED BURGLARY—FELONY [Maximum Penalty: Imprisonment not less than 5 years nor more than 25 years and or a fine of up to $50,000.]**

[¶8]　The district court allowed the amendment, over the appellant's objection, because the crimes—burglary and aggravated burglary—arose from the same fact pattern as well as the same statute.  It then advised the appellant of the changes. Specifically, the district court explained that Count III of the Third Amended Information now alleged that the appellant knowingly or recklessly inflicted bodily injury or attempted to inflict the same on EM, and that the maximum possible punishment for the charge is 25 years and a fine of up to $50,000.  The district court then gave the appellant a chance to change his not guilty plea.  The appellant stated he understood the charge of aggravated burglary along with the increased penalty, and wanted to proceed to trial on his not guilty plea.

[¶9]　The jury found the appellant guilty of three crimes: (1) battery, the lesser included offense of aggravated assault and battery set out in Count I; (2) third-degree sexual assault; and (3) aggravated burglary.  He was sentenced to concurrent prison terms of six months, ten to twelve years, and five to eight years, respectively.  This appeal followed.

## STANDARD OF REVIEW

[¶10]　On appeal from a district court's decision to grant or deny a motion to amend an information, we have explained:

> Wyoming Rule of Criminal Procedure 3(e) grants discretion to a trial judge in deciding whether or not a motion brought by the State to amend the information just prior to trial should be granted.  Consequently, we review the trial court's decision by applying our abuse of discretion standard.  In deciding whether or not the trial court abused its discretion, this court

3

must determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious.

*Wilkening v. State*, 2005 WY 127, ¶ 23, 120 P.3d 680, 687 (Wyo. 2005) (citations and quotations omitted).

[¶11] When an accused's constitutional right to notice of criminal charges is at issue, however, the determination on the adequacy of notice is a question of law, which we review *de novo*. *Spagner v. State*, 2009 WY 12, ¶ 10, 200 P.3d 793, 799 (Wyo. 2009).

## DISCUSSION

[¶12] The appellant argues that the district court abused its discretion in permitting the State to amend the Information on the morning of trial. Taking the position that the Third Amended Information charged a new offense for Count III, he claims that the rules of criminal procedure only permit an amendment so long as it does not charge a new offense and is not prejudicial to the defendant. The appellant also argues that the amendment prejudiced his rights and deprived him of constitutionally required notice because he did not have the opportunity to prepare a defense for aggravated burglary. He contends that because of the amendment on the morning of trial, bodily injury and the proof thereof suddenly became a key issue. The appellant also argues he was prejudiced because the amendment exposed him to a larger maximum sentence, which may have impacted his previous plea and decision to go to trial.

[¶13] The State responds that a district court can allow amendment of an information before trial if it does not prejudice the defendant. According to the State, because the Information was amended before the trial began, whether the Information allegedly charged a new crime is immaterial. The State also argues there was no prejudice because the Information and probable cause affidavit gave the appellant sufficient notice of the facts the State would use to prove that the appellant inflicted bodily injury on the victim. The State points out that the facts used for aggravated burglary were already pled in the charge of aggravated assault and battery. Additionally, the State argues that, although the amendment subjected the appellant to a greater maximum penalty for aggravated burglary, the appellant received a sentence less than the maximum for ordinary burglary.

[¶14] Motions to amend an information are governed by W.R.Cr.P. 3(e), which states:

> (e) *Amendment of information or citation*. — Without leave of the court, the attorney for the state may amend an information or citation until five days before a preliminary examination in a case required to be tried in district court or until five days before trial for a case not required to be tried in

4

district court. The court may permit an information or citation to be amended:

> (1)   With the defendant's consent, at any time before sentencing.
>
> (2)   Whether or not the defendant consents:
>
> > (A)   At any time before trial if substantial rights of the defendant are not prejudiced.
> >
> > (B)   At any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

Because the third and final amendment to the Information occurred before trial, W.R.Cr.P. 3(e)(2)(A) controls. *See Jones v. State*, 2009 WY 33, ¶ 16, 203 P.3d 1091, 1096 (Wyo. 2009). As a result, we limit our analysis to whether the appellant's substantial rights were prejudiced.

[¶15] The appellant argues that he was prejudiced because he was deprived of constitutionally sufficient notice. Under the United States and Wyoming constitutions, an accused has a right to notice of the charges against him to allow for a fair opportunity to defend against the charges. U.S. Const. amend. VI; Wyo. Const. art. 1, § 10; *see also* W.R.Cr.P. 3. "These constitutional provisions and the procedural rule require that an information (1) contain the elements of the offense charged; (2) fairly inform a defendant of the charges against which he must defend; and (3) enable a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Spagner*, 2009 WY 12, ¶ 10, 200 P.3d at 799. "A detailed affidavit attached to the information may provide some of this information." *Id.*

[¶16] Here, the Third Amended Information contains all the elements for aggravated burglary and is consistent with the words of the statute. *See* Wyo. Stat. § 6-3-301(c) (LexisNexis 2013). Therefore, the appellant was fairly informed of the charges and the first two factors are met. The third factor is also met because the charging allegations bar the State from prosecuting the appellant for aggravated burglary based on the same facts. The appellant, however, does not seem to challenge the substance of the Third Amended Information and instead focuses on the timeliness of the notice. *See Meek v. State*, 2002 WY 1, ¶ 19, 37 P.3d 1279, 1285 (Wyo. 2002). Thus, the question becomes whether the appellant was able to prepare a defense for aggravated burglary even though the amendment occurred on the morning of trial. *See Estrada-Sanchez v. State*, 2003 WY 45, ¶ 12, 66 P.3d 703, 708 (Wyo. 2003). We are convinced he was.

[¶17]   From the start, the appellant was on notice that aggravated burglary was the charge in Count III.  The affidavit of probable cause states that the appellant "was arrested and charged pursuant to 6-3-301(c)(ii) Aggravated Burglary . . . ."  Count III in the original Information along with the Amended and Second Amended Information state the charge as "**AGGRAVATED BURGLARY**," although all cite to the incorrect subsection and penalty.  Indeed, that is presumably why four days before trial the appellant moved to "dismiss Count III of the Second Amended Information on the basis that it fails to allege that Defendant committed the criminal offense of Aggravated Burglary . . . ."  Following the rule that the sufficiency of an information is determined "from a broad and enlightened standpoint of right reason rather than from a narrow view of technicality and hairsplitting[,]" we cannot conclude that the appellant was "misled to his prejudice." *Spagner*, 2009 WY 12, ¶ 13, 200 P.3d at 799.

[¶18]   We also note the new allegation in Count III of the Third Amended Information— that the appellant caused bodily injury—was already a fact pled in the charge for aggravated assault and battery.  *Compare* Wyo. Stat. Ann. § 6-3-301(c), *with* Wyo. Stat. Ann. § 6-2-502(a).[3]   From the original Information throughout all the subsequent amendments, Count I for aggravated assault and battery provided that the appellant caused or attempted to cause serious bodily injury, using his hands to choke and suffocate the victim.  Accordingly, that is why the appellant conceded to the district court that "because [the appellant] was also charged with aggravated assault and battery, we were on notice . . . ."  The Third Amended Information was based on the same facts and evidence as the original charge and arose out of the same event.  *Jones*, 2009 WY 33, ¶ 16, 203 P.3d at 1096.  More than anything, the amendment to Count III corrected the charge to conform with what was stated in bold throughout the previous versions— **AGGRAVATED BURGLARY**.  *See Wilkening*, 2005 WY 127, ¶¶ 23-25, 120 P.3d at 687-88; *see also Garnica v. State*, 2011 WY 85, ¶ 17, 253 P.3d 489, 492 (Wyo. 2011).

[¶19]   Finally, the appellant's substantial rights were not prejudiced because the Third Amended Information exposed him to a greater maximum sentence.  Although the appellant claims his decision concerning his plea and decision to go to trial may have been impacted by the third amendment, the record belies his claim.  The district court solicitously explained the amended charge and its maximum possible punishment.  The appellant said he understood the charge and penalty.  The Court then provided the appellant an opportunity to change his plea.  Understanding the charge for aggravated burglary, the appellant stood by his not guilty plea and proceeded to trial.  In the end, the third amendment to the Information neither impacted the appellant's plea and decision to proceed with trial, nor did it change the evidence presented at trial and the appellant's corresponding defense.

---

[3] For purposes of both crimes, bodily injury is defined as "physical pain, illness or any impairment of physical condition[.]" Wyo. Stat. Ann. § 6-1-104(a)(ii) (LexisNexis 2013).

## CONCLUSION

[¶20] The district court did not abuse its discretion in allowing amendment of the Information the morning of trial, and the appellant's substantial rights were not prejudiced under the circumstances.

[¶21] We affirm.