2011 WY 38

**Michelle MOWERY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–10–0127.

Supreme Court of Wyoming.

March 4, 2011.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; Diane E. Courselle, Director, UW Defender Aid Program; E. Jeannee Nunn, Student Intern. Argument by Ms. Nunn.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jessica Y. Frint, Student Director, Jessica G. Van Norman, Student Intern. Argument by Ms. Van Norman.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Michelle Mowery, appeals a conviction for felony interference with a peace officer, in violation of Wyo. Stat. Ann. § 6–5–204(b) (LexisNexis 2009). Ms. Mowery contends the district court erred in allowing the State to amend the information

to remove the charge of attempting to interfere with a peace officer. She also asserts that the district court erred by refusing to instruct the jury on the defense of self-induced intoxication. We affirm.

### ISSUES

[¶ 2]   Ms. Mowery presents the following issues:

1. Did the district court abuse its discretion under Wyoming Rule of Criminal Procedure 3(e) when it allowed the last minute amendment of the information which undermined the defense strategy?

2. Did the trial court err when it declined to give Ms. Mowery's requested jury instruction on the voluntary intoxication defense; should both portions of Wyo. Stat. Ann. § 6–5–204(b) be classified as specific intent crimes which require proof of specific intent to cause bodily injury and thus make the defense of voluntary intoxication applicable?

The State rephrases the issues as follows:

1. Did the district court properly apply Wyoming Rule of Criminal Procedure 3(e) and properly exercise its discretion in allowing the amendment of the criminal information?

2. Did the district court properly refuse Appellant's proposed instruction which provided that self-induced intoxication is a defense to the crime of intentionally and knowingly causing bodily injury to a peace officer in violation of Wyo. Stat. Ann. § 6–5–204(b)?

### FACTS

[¶ 3]   On March 5, 2009, Ms. Mowery was admitted to the Washakie Medical Center after taking an overdose of two prescription medications, Tramadol and Clonazepam, in an attempt to commit suicide. She was initially treated in the emergency room, and was later transferred to the intensive care unit so that she could receive individual nursing care. The following morning, Ms. Mowery's attending physician directed that Ms.

Mowery not be allowed to leave the hospital because she was still suicidal.

[¶ 4]   After meeting with her physician on the morning of March 6th and discussing participation in a drug rehabilitation program, Ms. Mowery attempted to leave the hospital. Hospital staff called the police. An officer from the Worland Police Department responded to the call, and upon arriving at the hospital, confirmed with hospital staff that Ms. Mowery was under a hold. The officer followed Ms. Mowery onto a lawn area outside the hospital and attempted to prevent her from leaving by catching up to her and stepping in front of her. Ms. Mowery stated that she was going home and that the officer could not make her go back inside the hospital. When the officer attempted to guide Ms. Mowery back to the hospital, Ms. Mowery hit him in the face with a full can of soda. The can of soda exploded on impact, cutting the officer's lip, puncturing the inside of his mouth, and causing his face to swell. Later that afternoon, Ms. Mowery was discharged from the Washakie Medical Center and was taken by ambulance to the Wyoming Behavioral Institute in Casper. Ms. Mowery testified that she did not remember anything after taking the prescription medication on March 5th until she woke up at the Wyoming Behavioral Institute.

[¶ 5]   Ms. Mowery's attending physician at the Washakie Medical Center testified that Ms. Mowery could still have been confused 24 hours after the overdose due to the amount of Tramadol she had ingested. The physician also testified that the effect of the Clonazepam "would be similar to someone being intoxicated and not remembering during that course of time." He testified that the effects of the Clonazepam would have been "somewhat similar to intoxication," but that the effects "had cleared by the following day," referring to March 6th.

[¶ 6]   The State originally charged Ms. Mowery with a single count of felony interference with a peace officer in violation of Wyo. Stat. Ann. § 6–5–204(b). The information alleged that Ms. Mowery "did intentionally and knowingly cause or attempt to cause bodily injury to a peace officer engaged in the lawful performance of his official duties."

Prior to trial, both the State and Ms. Mowery offered proposed jury instructions. Ms. Mowery offered an instruction that limited the offense to the attempted portion of Wyo. Stat. Ann. § 6–5–204(b). She also offered an instruction on the defense of self-induced intoxication.[1] The State offered an instruction that included both the attempted and completed versions of felony interference with a peace officer, reflecting the crime as charged in the information.

[¶ 7] A one-day jury trial was held on December 9, 2009. During trial, defense counsel presented evidence relating to the defense of self-induced intoxication based on the amount and nature of the medication Ms. Mowery had taken. At the close of evidence, the court held a jury instruction conference. The State moved to amend the information to eliminate the attempt crime charged under Wyo. Stat. Ann. § 6–5–204(b). The court granted the motion over Ms. Mowery's objection and limited the State's jury instruction to the crime of "intentionally and knowingly caus[ing] bodily injury to a peace officer ... in the lawful performance of his official duties." In ruling on the State's motion, the district court noted that "[d]ue to the fact that the only evidence before the Court is of a battery or an actual injury to the police officer the Court is going to grant the Motion to Dismiss the attempt and limit the jury instruction to the actual causing of bodily injury." The court denied Ms. Mowery's self-induced intoxication instruction and instructed the jury that self-induced intoxication is not a defense to a completed crime of felony interference with a peace officer.

[¶ 8] After receiving the instructions, the jury deliberated and returned a guilty verdict. Ms. Mowery was sentenced to one to two years in the Wyoming Women's Center. Her sentence was suspended and she was placed on two years supervised probation. She filed a timely appeal to this Court.

## DISCUSSION

### Amendment of Information

[¶ 9] In Ms. Mowery's first issue, she contends the district court erred by allowing the State to amend the information after the close of evidence to eliminate the crime of attempting to cause bodily injury to a peace officer. Ms. Mowery argues that the amendment deprived her of the intoxication defense that she had developed and presented during trial. Wyoming Rule of Criminal Procedure 3(e) sets forth the rules for amending an information:

(e) *Amendment of Information or Citation.*—Without leave of the court, the attorney for the state may amend an information or citation until five days before a preliminary examination in a case required to be tried in district court or until five days before trial for a case not required to be tried in district court. The court may permit an information or citation to be amended:

(1) With the defendant's consent, at any time before sentencing.

(2) Whether or not the defendant consents:

(A) At any time before trial if substantial rights of the defendant are not prejudiced.

(B) *At any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.*

(Emphasis added.) We review a district court's ruling on whether to allow the State to amend an information for abuse of discretion:

Wyoming Rule of Criminal Procedure 3(e) grants discretion to a trial judge in deciding whether or not a motion brought by the State to amend the information just prior to trial should be granted. Consequently, we review the trial court's decision by applying our abuse of discretion standard. In deciding whether or not the trial court abused its discretion, this court must "determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious."

---

1. "Self-induced" intoxication is the close equivalent of what has traditionally been referred to as "voluntary" intoxication. *Solomon v. State,* 227 P.3d 461, 466 (Alaska Ct.App.2010).

*Wilkening v. State,* 2005 WY 127, ¶ 23, 120 P.3d 680, 687 (Wyo.2005) (quoting *Burton v. State,* 2002 WY 71, ¶ 44, 46 P.3d 309, 320 (Wyo.2002)). We have stated that "by its very terms [W.R.Cr.P. 3(e) ] vests the district court with wide discretion in granting or denying a motion to amend an information." *Temen v. State,* 2009 WY 25, ¶ 11, 201 P.3d 1139, 1142 (Wyo.2009).

[¶ 10] We addressed the issue of prejudice when confronted with an identical amendment to the same charge of felony interference with a peace officer in *Wilkening,* ¶ 23, 120 P.3d at 687. In *Wilkening,* the State originally charged the defendant with the attempted and completed versions of felony interference with a peace officer under Wyo. Stat. Ann. § 6–5–204(b). *Id.,* ¶ 8, 120 P.3d at 683. Prior to trial, the State filed a motion to amend the information to eliminate the charge of attempt. *Id.,* ¶ 11, 120 P.3d at 683. A hearing on the motion was held on the morning of trial and the court allowed the amendment over the defendant's objection. *Id.* The defendant argued that he was prejudiced by the amendment because it prevented him from presenting an intoxication defense to negate the specific intent requirement of the attempted crime. *Id.,* ¶ 23, 120 P.3d at 687. In our decision, we repeated an admonishment given in *King v. State,* 2002 WY 27, 40 P.3d 700 (Wyo.2002) regarding the practice of charging both the attempted and completed versions of felony interference with a peace officer:

> At this point, we believe it important, in our supervisory role, to point out what appears to be a recurring problem in prosecutions for felony interference. Just as in *Mueller v. State,* 2001 WY 134, ¶ 12, fn. 7, 36 P.3d 1151, [1157] fn. 7 (Wyo.2001), King was charged using the entire language of § 6–5–204(b), without differentiating between the two versions of the offense. Moreover, the information was never amended to clarify which version of the offense was being pursued.

*Wilkening,* ¶ 25, 120 P.3d at 687–88 (quoting *King,* ¶ 24, 40 P.3d at 706). However, in contrast to *King,* because the criminal information was ultimately amended in *Wilkening,* the State was not required to prove both the attempted and completed crimes of felony interference. *See King,* ¶ 24, 40 P.3d at 706. We held that Mr. Wilkening had not established that he was prejudiced by the amendment despite the late filing of the motion to amend. *Wilkening,* ¶ 25, 120 P.3d at 688.

[¶ 11] Ms. Mowery argues that *Wilkening* is distinguishable because, in *Wilkening,* the amendment was allowed prior to trial and afforded the defendant the opportunity to adjust his trial strategy. Here, Ms. Mowery asserts, the evidentiary portion of the trial was complete and she had no time to call other witnesses or provide evidence to espouse another theory of defense after the information was amended. However, we find no meaningful distinction between *Wilkening* and the present case.

[¶ 12] As was the case in *Wilkening,* Ms. Mowery faced conviction under the original information for both the attempted and completed versions of felony interference with a peace officer. However, as further discussed below, self-induced intoxication is a defense only to the attempted crime, and not to the completed crime. When the State amended the information, the possibility of conviction for the attempted crime was eliminated. But Ms. Mowery continued to face, as she did from the beginning of the proceedings, the possibility of conviction for the completed crime if the State proved its case. Despite having ample opportunity to present a defense to the completed crime, Ms. Mowery presented no other defense apart from self-induced intoxication. The fact that Ms. Mowery's intoxication defense was negated by the removal of the attempted crime from the charge against her did not prejudice her substantial rights. As in *Wilkening,* she was on notice of the attempted and completed versions of the crime from the beginning of the case, and the attempted version was based in the same statutory provision and arose out of identical factual circumstances as the completed crime. The district court did not abuse its discretion in allowing the State to amend the information.

### *Self–Induced Intoxication Defense*

[¶ 13] In Ms. Mowery's second issue, she contends the district court erred by

refusing to instruct the jury on the self-induced intoxication defense. The refusal to give a requested jury instruction is reviewed for an abuse of discretion. *Pina v. Christensen*, 2009 WY 64, ¶ 8, 206 P.3d 1298, 1300 (Wyo.2009). "A trial court is given wide latitude in instructing the jury and, as long as the instructions correctly state the law and the entire charge covers the relevant issue, reversible error will not be found." *Iseli v. State*, 2007 WY 102, ¶ 9, 160 P.3d 1133, 1135 (Wyo.2007).

[¶ 14] Under Wyo. Stat. Ann. § 6–1–202, self-induced intoxication is a defense only to specific intent crimes. That statute provides as follows:

> **§ 6–1–202. Being under the influence not a defense; effect upon intent; "self-induced"**
>
> (a) Self-induced intoxication of the defendant is not a defense to a criminal charge except to the extent that in any prosecution evidence of self-induced intoxication of the defendant may be offered when it is relevant to negate the existence of a specific intent which is an element of the crime.
>
> (b) Intoxication is self-induced if it is caused by substances which the defendant knows or ought to know have the tendency to cause intoxication and which he knowingly and voluntarily introduced or allowed to be introduced into his body unless they were introduced pursuant to medical advice. The fact that the defendant is dependent upon the intoxicating substance is not relevant in determining whether his intoxication is self-induced.

Ms. Mowery argues that the completed crime of felony interference with a peace officer under Wyo. Stat. Ann. § 6–5–204(b) is a specific intent crime, for which the defense of self-induced intoxication is available. Wyo. Stat. Ann. § 6–5–204(b) reads as follows:

> **§ 6–5–204. Interference with peace officer; disarming peace officer; penalties**
>
> . . .
>
> (b) A person who intentionally and knowingly causes or attempts to cause bodily injury to a peace officer engaged in the lawful performance of his official duties is

guilty of a felony punishable by imprisonment for not more than ten (10) years.

[¶ 15] Contrary to Ms. Mowery's interpretation of the statute, we have previously held that "[w]ith respect to the portion of [Wyo. Stat. Ann. § 6–5–204(b) ] that prohibits anyone from intentionally and knowingly causing bodily injury to a peace officer, we agree that this defines a general intent crime." *King*, ¶ 23, 40 P.3d at 706. In *King*, we analogized to the statute at issue in *Rowe v. State*, 974 P.2d 937 (Wyo.1999), a case in which the Court determined that a child abuse statute prohibiting a person from "intentionally" inflicting physical or mental injury on a child was a general intent crime. We explained in *King* that

> Based on *Rowe*, we conclude that version of the felony interference statute that prohibits anyone from intentionally and knowingly causing bodily injury to a peace officer is a general intent crime. As with the child abuse statute, this offense does not require that the accused intend a further act or future consequence. Instead, it merely required that an accused intentionally and knowingly cause bodily injury to a peace officer engaged in the lawful performance of his official duties.

*King*, ¶ 23, 40 P.3d at 706. Further, our decision in *Wilkening* also indicated that the completed version of felony interference with a peace officer is a general intent crime. Classification of the completed crime of felony interference as a general intent crime was implicit in our holding that the defendant was not prejudiced by the exclusion of his intoxication defense. *See Wilkening*, ¶¶ 23–25, 120 P.3d at 687–88.

[¶ 16] Ms. Mowery concedes that classification of the completed crime under Wyo. Stat. Ann. § 6–5–204(b) as a general intent crime "is supported by this Court's opinions in *King* and *Wilkening*, among others." She contends, however, that we should depart from this line of cases and interpret the "intentionally and knowingly" mental state described in the statute as a specific intent element. She argues that our current interpretation of the completed crime of felony interference as a general intent crime essentially removes the mental state of "intention-

ally and knowingly" from the elements of the crime. Ms. Mowery's argument is based on cases holding that the "intentionally and knowingly" mental state requires proof of a "voluntary act." *See, e.g., Crozier v. State,* 723 P.2d 42 (Wyo.1986). From this proposition, she asserts that any crime classified as a general intent crime removes the mental element expressly attached to the crime by the legislature. We disagree. Consistent with our previous interpretations of Wyo. Stat. Ann. § 6–5–204(b), we find that the completed version of felony interference with a peace officer is not a specific intent crime and, accordingly, that self-induced intoxication is not available as a defense.

[¶ 17] As Ms. Mowery points out, the concepts of general and specific intent are naturally difficult to apply and are not always applied with consistency. The varying distinctions between general and specific intent have been described as follows:

> Sometimes "general intent" is used in the same way as "criminal intent" to mean the general notion of *mens rea,* while "specific intent" is taken to mean the mental state required for a particular crime. Or, "general intent" may be used to encompass all forms of the mental state requirement, while "specific intent" is limited to the one mental state of intent.

Wayne R. LaFave, *Substantive Criminal Law,* § 5.2(e), p. 353 (2d. ed.2003) (footnote omitted). However, "specific intent" is most commonly used to refer to a special mental element that is required above and beyond any mental state that is attached to the physical act of a crime. LaFave at § 5.2(e), p. 354; *see also* 22 C.J.S. *Criminal Law* § 40 (2010). Under this meaning of specific intent, a specific intent crime is often described as one that involves an intent to do some further act or achieve a future consequence in addition to the basic physical act of the crime. 22 C.J.S. *Criminal Law* § 40 (2010).

[¶ 18] Our jurisprudence has followed the most common application of the concepts of general and specific intent, as was initially clarified in *Dorador v. State :*

> Realizing that the distinction between a specific intent crime and a general intent crime is apparently troublesome, we can

perhaps clarify it by stating it in a somewhat different way. When the statute sets out the offense with only a description of the particular unlawful act, without reference to intent to do a further act or achieve a future consequence, the trial judge asks the jury whether the defendant intended to do the outlawed act. Such intention is general intent. *When the statutory definition of the crime refers to an intent to do some further act or attain some additional consequence, the offense is considered to be a specific intent crime and then that question must be asked of the jury.*

573 P.2d 839, 843 (Wyo.1978) (emphasis added). This distinction between specific and general intent has been applied in a long line of Wyoming cases. *See, e.g., Bloomfield v. State,* 2010 WY 97, ¶ 13, 234 P.3d 366, 371 (Wyo.2010); *Butz v. State,* 2007 WY 152, ¶ 13, 167 P.3d 650, 654 (Wyo.2007); *Reilly v. State,* 2002 WY 156, ¶ 8, 55 P.3d 1259, 1262 (Wyo.2002); *King,* ¶ 22 n. 1, 40 P.3d at 705 n. 1; *Rowe,* 974 P.2d at 939; *Cox v. State,* 829 P.2d 1183, 1185 (Wyo.1992).

[¶ 19] Despite the consistent application of the concepts of specific and general intent in our precedent, Ms. Mowery points to language from *Dean v. State,* 668 P.2d 639 (Wyo.1983) and *Crozier* that she argues provides support for her contention that a crime is a general intent crime when the relevant statute does not identify a particular mental state that is required in order to commit the crime. Accordingly, she concludes that "intent is an element of a crime only in specific intent crimes." However, both *Dean* and *Crozier,* when properly analyzed, clearly apply the concept of specific intent as it was explained in *Dorador.* In *Dean,* we noted that "[w]hen the definition [of a crime] refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of *specific intent."* *Dean,* 668 P.2d at 642 (citing *People v. Love,* 111 Cal.App.3d Supp. 1, 168 Cal.Rptr. 591, 600 (1980)) (emphasis in original). After applying this meaning of specific intent, we held that the words "willfully and maliciously" as used in the first-degree arson statute then in effect did not create a specific intent

crime. *Dean*, 668 P.2d at 642. Likewise, in *Crozier*, we cited *Dean* and *Dorador* in holding that the words "maliciously" and "purposely" as used in the second-degree murder statute did not create a specific intent crime. *Crozier*, 723 P.2d at 53. These cases simply do not support Ms. Mowery's argument that use of the words "intentionally and knowingly" transforms the crime of felony interference with a peace officer into a specific intent crime.

[¶ 20] Pursuant to the distinction between general and specific intent applied in Wyoming and the clear precedent established by *King* and *Wilkening*, the completed offense portion of Wyo. Stat. Ann. § 6–5–204(b) is a general intent crime. As we noted in *King*, felony interference with a peace officer does not require that the accused intend a further act or future consequence. The language of Wyo. Stat. Ann. § 6–5–204(b) does not require the State to prove injury to a peace officer *with the additional intent* to prevent the peace officer from performing his or her duties. Rather, subsection (b) essentially describes a battery of a peace officer who is engaged in his or her official duties. Because the accused does not have to intend a further act or future consequence beyond the injury to a peace officer, the completed offense described in Wyo. Stat. Ann. § 6–5–204(b) is a general intent crime. Consequently, self-induced intoxication is not available as a defense pursuant to Wyo. Stat. Ann. § 6–1–202. *See also King*, ¶ 22, 40 P.3d at 705–06.

[¶ 21] As a final note, we recognize the tenuous logic that is required to conclude that self-induced intoxication is a defense to a specific intent crime, but not to a general intent crime. As one respected author has explained:

> It is sometimes stated that intoxication can negative a "specific intent" which the crime in question may require (meaning some intent in addition to the intent to do the physical act which the crime requires), but it cannot negative a crime's "general intent" (meaning an intent to do the physical act—or, perhaps, recklessly doing the physical act—which the crime requires).... But this is wrong on principle,

for if intoxication does in fact negative an intention which is a required element of the crime (whether it be called specific intent or general intent), the crime has not been committed.

LaFave at § 9.5(a), pp. 45–46 (footnotes omitted). We also note, however, that many jurisdictions have chosen to abandon the self-induced intoxication defense altogether. *Id.* at 46 n. 25. Although both approaches to the intoxication defense may be questioned, we continue to apply the defense as directed by the legislature. In this case, the self-induced intoxication defense was not available and the district court did not abuse its discretion in refusing the instruction.

[¶ 22] Affirmed.