# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 120

**OCTOBER TERM, A.D. 2023**

**December 11, 2023**

YVONNE PATRICE KESSEL,

Appellant
(Defendant),

v.

S-23-0059

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*

*Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.*

*Representing Appellee:*

*Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Ingrid G. Bent, Student Intern. Argument by Ms. Bent.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]    Yvonne Patrice Kessel was involved in a fatal car accident that killed Cruz Cane Paulsen. A jury convicted Ms. Kessel of one count of aggravated vehicular homicide. She contends the district court erred by denying her proposed jury instruction, which she claims was a theory of defense instruction whose denial would constitute error per se. She further asserts even if the instruction was not a theory of defense instruction, the district court abused its discretion by failing to give it. We conclude Ms. Kessel's proposed jury instruction was not a proper theory of defense instruction, and the district court did not abuse its discretion in denying the proposed instruction. We affirm.

## ISSUES

[¶2]    Ms. Kessel raises one issue comprised of two parts on appeal, which we rephrase:

>   1.    Did Ms. Kessel's proposed jury instruction assert a proper theory of defense?
>
>   2.    Did the district court abuse its discretion when it denied Ms. Kessel's proposed jury instruction?

## FACTS

[¶3]    Around 4:00 p.m. on Sunday, November 7, 2021, Yvonne Patrice Kessel drove her minivan to the nearby Albertsons. To reach the store, Ms. Kessel made a left turn. She entered the turn lane, and as she initiated the left turn, 25-year-old Cruz Cane Paulsen was approaching on his motorcycle in the opposite direction. A private dashcam shows Ms. Kessel did not stop before turning. She cut the turn short, crossed over the double yellow lines of the road, and Mr. Paulsen hit the passenger side of Ms. Kessel's minivan.

[¶4]    Ms. Kessel pulled her minivan into a nearby parking lot, left her vehicle, and approached Mr. Paulsen, who was lying on the pavement, unconscious and bleeding severely from his head. A bystander told Ms. Kessel to go sit in her car and wait for police officers to arrive.

[¶5]    Ms. Kessel returned to her minivan, located a Bacardi rum bottle, and drank until only a "small remnant" of alcohol remained. Law enforcement later found it tucked under the front passenger seat of the minivan. Ms. Kessel exited her minivan after police officers and medical first responders had arrived on the scene of the accident. She walked away from the scene and down the hill to a liquor store. While in the liquor store, she did not ask for assistance, nor did she use a phone to call for help. Instead, she bought a bottle of vodka, sat outside Albertsons, and drank a sip.

[¶6]   A bystander who witnessed the accident saw Ms. Kessel walk out of the liquor store. When the bystander approached Ms. Kessel, she noticed Ms. Kessel was holding a bag with alcohol in it. The bystander told her she needed to speak with the officers, and Ms. Kessel said the officers were going to think she had been drinking and started crying. The bystander escorted her to Officer Brownell at the accident scene.

[¶7]   Officer Brownell conducted five field-sobriety tests, and Ms. Kessel showed numerous signs of impairment. Officer Brownell placed Ms. Kessel under arrest. Ms. Kessel consented to a blood draw, which indicated her blood alcohol concentration was 0.211, nearly two and a half times the legal limit. Ms. Kessel claimed she did not drink any alcohol before the accident and typically drank alcohol in response to trauma. She later admitted she drank alcohol earlier in the day with her husband.

[¶8]   Mr. Paulsen died from the head injuries he sustained in the accident, and the State charged Ms. Kessel with one count of aggravated vehicular homicide in violation of Wyo. Stat. Ann. § 6-2-106(b)(i)(ii). Mr. Paulsen had a blood alcohol concentration of 0.17 and tetrahydrocannabinol in his system at the time of his death. The defense's main argument at trial was Mr. Paulsen—through his speeding; intoxication; lack of proper license, safety gear, and poor tire tread—was the proximate cause of his death, not Ms. Kessel.

[¶9]   The jury returned a unanimous verdict of guilty for one count of aggravated vehicular homicide. The court sentenced Ms. Kessel to a prison term of thirteen-and-a-half to sixteen years, with credit for time served. Ms. Kessel timely appealed.

## DISCUSSION

### I.   The district court did not commit reversible error by denying Ms. Kessel's proposed jury instruction because the instruction did not assert a proper theory of defense.

### A.   Ms. Kessel may raise this issue on appeal.

[¶10]  The State argues we should not consider Ms. Kessel's theory of defense argument because she did not offer her proposed instruction below as a theory of defense. We disagree.

[¶11]  This Court will "not consider an issue raised for the first time on appeal." *Borja v. State*, 2023 WY 12, ¶ 24, 523 P.3d 1212, 1218 (Wyo. 2023) (citing *Rogers v. State*, 2021 WY 123, ¶ 14, 498 P.3d 66, 70 (Wyo. 2021)). "This rule holds true 'whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court.'" *Davis v. State*, 2018 WY 40, ¶ 32, 415 P.3d 666, 678 (Wyo. 2018) (quoting *Crofts v.*

*State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016)). "Parties are bound by the theories they advance below because it is 'not appropriate for this Court to reverse a district court ruling on grounds that were never presented to it.'" *Rogers*, 2021 WY 123, ¶ 14, 498 P.3d at 70 (quoting *Miller v. Beyer*, 2014 WY 84, ¶ 34, 329 P.3d 956, 967 (Wyo. 2014)).

[¶12] Although Ms. Kessel did not refer to her proposed instruction as a theory of defense when she offered it below, the district court apparently understood it to be her theory. In rejecting the instruction, the court stated: "I don't see how the existing instruction would preclude the defense from arguing its theory of defense as to proximate cause." Even though Ms. Kessel did not identify her proposed instruction as a theory of defense, the district court recognized those grounds, and we will address the threshold question of whether her proposed instruction asserted a proper theory of defense.

## B.    Standard of Review

[¶13] "A defendant has a due process right to a theory of defense instruction." *Harnetty v. State*, 2019 WY 21, ¶ 27, 435 P.3d 368, 374 (Wyo. 2019) (citing *Bouwkamp v. State*, 833 P.2d 486, 490 (Wyo. 1992)). Thus, "[a]n erroneous refusal of a theory of defense instruction is 'reversible error per se.'" *Black v. State*, 2020 WY 65, ¶ 22, 464 P.3d 574, 579 (Wyo. 2020) (quoting *Swartz v. State*, 971 P.2d 137, 139 (Wyo. 1998)). "We review a district court's rejection of a proposed theory of defense instruction de novo." *Harnetty*, 2019 WY 21, ¶ 27, 435 P.3d at 374 (citing *McEuen v. State*, 2017 WY 15, ¶ 22, 388 P.3d 779, 784 (Wyo. 2017)).

## C.    Ms. Kessel's proposed jury instruction did not assert a proper theory of defense.

[¶14] Ms. Kessel argues her proposed jury instruction would have instructed the jury it could specifically take into consideration the victim's actions when deciding the proximate cause of her charged crime. Her proposed instruction stated: "The actions and conditions of the deceased may be considered by the Jury in deciding the question of whether the defendant's actions were the proximate cause of the deceased's death." The district court rejected the instruction. Ms. Kessel argues the court erred because the instruction asserted a proper theory of defense. We disagree.

[¶15] "The law in Wyoming is well settled with respect to instructing a jury on a defendant's theory of the case." *Nelson v. State*, 2010 WY 159, ¶ 14, 245 P.3d 282, 285 (Wyo. 2010). "Fundamentally, the instruction must in the first instance be a proper theory of the case, or theory of defense, instruction. That is, the offered instruction must present a defense recognized by statute or case law in this jurisdiction." *Id.* at ¶ 14, 245 P.3d at 286 (citing *Bouwkamp*, 833 P.2d at 490).

3

[¶16] "It is established law in this Court and the United States Supreme Court that the State is required to prove every element of a criminal offense beyond a reasonable doubt[.]" *Hernandez v. State*, 2007 WY 105, ¶ 11, 162 P.3d 472, 476 (Wyo. 2007) (citing *Krucheck v. State*, 671 P.2d 1222, 1224 (Wyo. 1983); *Sandstrom v. Montana*, 442 U.S. 510, 512, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)). Because the burden is on the State to prove every element of the crime charged, this Court does not recognize a "failure of proof" defense, or a "claim of innocence," as a proper theory of defense. *Dennis v. State*, 2013 WY 67, ¶ 39, 302 P.3d 890, 898 (Wyo. 2013) (finding defendant's proposed theory of defense to be a "claim of innocence" because the defendant argued "the State simply had not met its burden of proving the specific intent element of aggravated burglary"); *Chavez-Becerra v. State*, 924 P.2d 63, 67 (Wyo. 1996) (defendant's "claim of innocence is a failure of proof defense . . . we do not believe that such an obvious concept can be elevated to a theory of defense and, therefore, such an argument does not necessitate a special instruction"); *see also* Wyo. Criminal Pattern Jury Instruction 8.01 (2022) ("A claim of innocence based on a failure of the evidence to prove the crime charged does not require a theory of the defense instruction.").

[¶17] For a jury to convict Ms. Kessel of aggravated vehicular homicide, the State had to prove the element of proximate cause; that Ms. Kessel's conduct was the proximate cause of Mr. Paulsen's death. Ms. Kessel denied her actions caused Mr. Paulsen's death and claimed instead that his actions were the proximate cause of the accident and his death. She essentially argued the State failed to prove the proximate cause element of the charged offense. Her defense was thus a "claim of innocence" or "failure of proof" defense that did not warrant a special theory of defense instruction. *Dennis*, 2013 WY 67, ¶ 39, 302 P.3d at 898; *Chavez-Becerra*, 924 P.2d at 67. Because Ms. Kessel's proposed jury instruction was not a theory of defense instruction, we review the trial court's refusal to give it under an abuse of discretion standard.

## II.   *The district court did not abuse its discretion when it refused Ms. Kessel's proposed jury instruction.*

### A.   **Standard of Review**

[¶18] "If an instruction is not a theory of defense instruction, the district court's decision to give the instruction is discretionary." *Hurley v. State*, 2017 WY 95, ¶ 14, 401 P.3d 827, 831 (Wyo. 2017) (citing *Tingey v. State*, 2017 WY 5, ¶ 40, 387 P.3d 1170, 1181 (Wyo. 2017)). "The refusal to give a requested jury instruction is reviewed for an abuse of discretion." *Dennis*, 2013 WY 67, ¶ 36, 302 P.3d at 897 (quoting *Mowery v. State*, 2011 WY 38, ¶ 13, 247 P.3d 866, 870 (Wyo. 2011)). The trial court's decision is afforded significant deference on appeal. *Haire v. State*, 2017 WY 48, ¶ 28, 393 P.3d 1304, 1311 (Wyo. 2017) (citing *Gonzalez-Ochoa v. State*, 2014 WY 14, ¶ 18, 317 P.3d 599, 604-05 (Wyo. 2014)).

**B.    The given instructions adequately advised the jury.**

[¶19]   Ms. Kessel argues that even if the proposed instruction was not a theory of defense instruction, the district court should have given the instruction because it was a "proper statement of the law and required to adequately advise the jury."

[¶20]   Trial courts have "wide latitude in instructing the jury and, as long as the instructions correctly state the law and the entire charge covers the relevant issue, reversible error will not be found." *Dennis*, 2013 WY 67, ¶ 36, 302 P.3d at 897 (quoting *Mowery*, 2011 WY 38, ¶ 13, 247 P.3d at 870). Further, "[i]nstructions are sufficient if they correctly state the law, they are not misleading, and they permit the parties to argue their respective theories of the case." *Mitchell v. State*, 2020 WY 142, ¶ 32, 476 P.3d 224, 237 (Wyo. 2020) (quoting *Merit Energy Co., LLC v. Horr*, 2016 WY 3, ¶ 22, 366 P.3d 489, 496 (Wyo. 2016)).

[¶21]   In Ms. Kessel's case, the jury received Jury Instruction 14, which stated:

> The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by an independent and intervening cause, produces the injury, and without which the injury would not have occurred, the injury being the natural and probable consequence or result of the wrongful act. The proximate cause must be a substantial factor in bringing about the injuries or death.

[¶22]   Jury Instruction 6 provided:

> [T]he parties have agreed upon the following facts . . . Mr. Cruz Cain Paulsen had a blood alcohol content of 0.17 and detectable amount of tetrahydrocannabinol in his system. This stipulated fact is not an admission of fault, or an agreement as to causation of the accident. That question remains a matter for your deliberations.

[¶23]   The instructions given adequately advised the jury as they correctly stated the law, covered the relevant issue, and were not misleading. We are not persuaded otherwise by Ms. Kessel's reliance on *Buckles v. State*, 830 P.2d 702 (Wyo. 1992). In *Buckles*, a jury convicted the defendant of one count of aggravated vehicular homicide and one count of aggravated driving under the influence after the defendant drove intoxicated and, as a result, killed the driver of another car. *Id.* at 704. A post-death drug test revealed the deceased driver had cocaine metabolites in his system. *Id.* The jury was given the following jury instruction:

5

You are instructed that any negligence on the part of a victim is not a defense to criminal prosecution and does not excuse any criminal acts on the part of a Defendant. The state is required to prove that it was the criminal act on the Defendant's part that caused the death[.]

*Id.* at 707.

[¶24] On appeal, the defendant argued the trial court erred because the instructions failed to advise the jury the victim's actions may be considered in determining the proximate cause of the accident. *Id.* This Court agreed the instructions were lacking because they did not give the jury "the opportunity to decide whether [the victim's] conduct was an efficient, intervening cause that relieved [the defendant] of liability." *Id.* at 708-09. It held the trial court committed plain error "when it failed to inform the jury it could consider [the victim's] negligence for its bearing upon [the defendant's] conduct and upon whether [the defendant's] conduct was the proximate cause of [the victim's] death, and when this jury was given an incomplete definition of proximate cause." *Id.* at 709-10.

[¶25] This Court also provided "some guidance . . . for a jury instruction on proximate cause." *Id.* at 709. In doing so, it cited with approval a proximate cause instruction from a Kansas case, which was nearly identical to the proximate cause instruction given in the present case.[1] *Id.* (citing *State v. Woodman*, 735 P.2d 1102, 1107 (Kan. Ct. App. 1987)). The district court recognized this precedent when it rejected Ms. Kessel's proposed instruction:

---

1 The favorable proximate cause instruction:

In order to find the Defendant guilty as charged in Count I of aggravated vehicular homicide, the State must establish that the decedent died within one (1) year from the 8th day of May, 1985, and that the death was the proximate result of the operation of the vehicle by the Defendant while under the influence of alcohol.

The 'proximate cause' or legal cause of an injury is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence or result of the wrongful act.

*State v. Woodman*, 735 P.2d 1102, 1107 (Kan. Ct. App. 1987).

> I did review the *Buckles* case. Seems like we have a different issue here in terms of how the Court's instructing then was done in that case.
>
> The existing proximate cause instructions, I believe, are a correct statement of the law even according to *Buckles*, that's what they were based on, it appears.

[¶26] Unlike in *Buckles*, the jury in Ms. Kessel's case was adequately advised. The district court gave the jury a complete definition of proximate cause in Jury Instruction 14. Additionally, Instruction 6 referenced Mr. Paulsen's BAC, the presence of THC in his system, and instructed that causation was a matter for its deliberations. The instructions clearly gave the jury "the opportunity to decide whether [the victim's] conduct was an efficient, intervening cause that relieved [the defendant] of liability." *Id.* at 708-09. Thus, the instructions, in addition to correctly stating the law as referenced by the district court's statement, covered the relevant issue of proximate cause and were not misleading.

[¶27] Moreover, the instructions allowed the parties to argue their respective theories of the case, as defense counsel conceded during the instructions conference. *Mitchell*, 2020 WY 142, ¶ 32, 476 P.3d at 237. The parties extensively addressed proximate cause, and each party highlighted proximate cause in closing argument.

[¶28] The jury received sufficient instructions and was adequately advised because the trial court gave instructions that correctly stated the law, covered the relevant issue, were not misleading, and allowed the parties to argue their respective theories of the case. *Dennis*, 2013 WY 67, ¶ 36, 302 P.3d at 897; *Mitchell*, 2020 WY 142 ¶ 32, 476 P.3d at 237. For these reasons, we conclude the district court properly instructed the jury on proximate cause and did not abuse its discretion by denying Ms. Kessel's proposed instruction.

[¶29] Affirmed.