# THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 96

APRIL TERM, A.D. 2025

**August 29, 2025**

DAVID WAYNE GOBER,

**Appellant**
**(Defendant),**

**v.**                                                    **S-24-0314**

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*

*Office of Public Defender: Brandon Booth, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; H. Michael Bennett, Senior Assistant Public Defender. Argument by Mr. Bennett.*

*Representing Appellee:*

*Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Leanne J. Johnston, Assistant Attorney General. Argument by Ms. Johnston.*

*Before BOOMGAARDEN, C.J., and FOX\*, GRAY, FENN, and JAROSH, JJ.*

\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Following a jury trial, David Wayne Gober was convicted of felony possession of a controlled substance, methamphetamine. On appeal, he claims the district court committed reversible error when it refused his proposed de minimis infraction theory of defense instruction. We affirm.

## ISSUE

[¶2]    Mr. Gober raises a single issue which we rephrase as follows: Did the district court err when it refused Mr. Gober's de minimis infraction theory of defense instruction?

## FACTS

[¶3]    At approximately 8:45 p.m. on November 25, 2023, Officer Brenden LaPointe with the Casper Police Department was dispatched to conduct a welfare check on an individual who was walking down the middle of the street. The reporting party said the man was wearing a black jacket, and she was concerned he might get struck by a vehicle. Officer LaPointe arrived on the scene within minutes, and he contacted an individual wearing a black jacket, who was later identified as David Gober.

[¶4]    After speaking with Mr. Gober for a few minutes, Officer LaPointe determined there was no reason to be concerned about Mr. Gober's welfare. Officer LaPointe asked for Mr. Gober's name to put in his report. Officer LaPointe ran Mr. Gober's name through dispatch to check for any active warrants, which was the Casper Police Department's standard practice. Officer LaPointe learned Mr. Gober had an active warrant for failure to pay a fine.

[¶5]    Officer LaPointe placed Mr. Gober under arrest on this warrant and proceeded to escort him to the back of the patrol vehicle. Officer Courtney Brackenrich had arrived on the scene by this time. Officers LaPointe and Brackenrich searched Mr. Gober's person incident to arrest. During their search of Mr. Gober's coat, the officers discovered three glass pipes with what appeared to be a crystal-like residue inside, a jeweler's bag containing two other jeweler's bags with a small amount of a crystal-like substance inside, two metal tooter pipes, and several unused syringes. The officers believed the crystal-like substance was methamphetamine. After the officers found these items, Mr. Gober stated he wished they could do a "magic trick" and "make it all go away."

[¶6]    The items the officers removed from Mr. Gober's pockets were placed into evidence and taken to the Casper Police Department. After returning to the Casper Police Department, Officer Brackenrich field tested the tooters, glass pipes, and jeweler's bags. The glass pipes and bags tested presumptive positive for methamphetamine, and Officer Brackenrich sent them to the State Crime Lab for further testing. The State charged Mr.

1

Gober with one count of possession of a controlled substance. Because a conviction would be a third or subsequent offense, Mr. Gober was charged with a felony under Wyoming Statute § 35-7-1031(c)(i) (2023).

[¶7]    At the trial, the State informed the jury this case involved a "small amount" of methamphetamine. In his opening statement, Mr. Gober argued he should not be convicted for possessing "empty baggies." Both officers testified they could see the residue in the glass pipes and the crystal-like substance in the bags with their naked eyes. The forensic analyst from the State Crime Lab testified she could see a residual amount of a substance in the glass pipes, and this substance tested positive for methamphetamine. She further testified the jeweler's bags contained "some weighable material." The bags contained ".022 grams, plus or minus 0.10 grams" of the crystal-like substance. The analyst testified she is trained to report any substance that weighs less than 0.20 grams as a "trace amount." She testified she could see the small amount of material in the bags with her naked eye, and this substance tested positive for methamphetamine.

[¶8]    Mr. Gober testified he had been at a home belonging to his friend's mother shortly before his interaction with Officer LaPointe. Mr. Gober admitted he had used drugs with three of his friends during the two days he was at the house. Mr. Gober testified his coat disappeared at some point during those two days, and one of his friends brought him his coat and forced him to leave the house shortly before he encountered Officer LaPointe. He asserted he did not know the glass pipes and bags were in his pockets, and those items did not belong to him.

[¶9]    Just before the jury instruction conference, Mr. Gober proposed a de minimis infraction theory of defense instruction. That instruction read:

INSTRUCTION NO. ____

YOU ARE INSTRUCTED THAT if you find from the evidence that the results of the Defendant [sic] actions were inconsequential, you can find the Defendant not guilty under the Common Law Defense of de minimis infraction.

In determining whether to apply this defense you should consider the Defendant's experience, the circumstances surrounding the offense, and the harm caused by the infraction.

[¶10] Although the informal jury instruction conference was not reported, the district court apparently refused this instruction. The following day, Mr. Gober objected on the record to the district court's refusal to give his proposed theory of defense instruction. The district court again declined to give the instruction stating:

2

> And the [c]ourt is declining to give that instruction because, in my belief, there is not a minimum amount established by the statute as far as possession of a certain amount being considered de minimis under Wyoming law.

> And so, absent that, I do believe that [defense counsel] can effectively argue for his client given the elements instructions and the evidence that has been presented thus far.

During his closing argument, Mr. Gober again asserted he should not be convicted for possession of empty bags.

[¶11]  The jury found Mr. Gober guilty of possession of a controlled substance.  The district court sentenced Mr. Gober to imprisonment for two to four years, but it suspended that sentence in lieu of two years of supervised probation.  This appeal timely followed.

## STANDARD OF REVIEW

[¶12]  "A defendant has a due process right to a theory of defense instruction, and our review of a court's rejection of or failure to give such an instruction is de novo.  An erroneous refusal of a theory of defense instruction is reversible error per se." *Vargas v. State*, 2024 WY 95, ¶ 7, 554 P.3d 1267, 1270 (Wyo. 2024) (citation modified).

## DISCUSSION

[¶13]  Mr. Gober contends the district court should have given his proposed theory of defense instruction because this case involved a "minuscule, yet measurable, quantity of methamphetamine in the otherwise empty jeweler's baggies and the trace amounts contained in the . . . glass pipes."  He asserts the de minimis defense "affords defendants the ability to challenge violations of the law upon the premise that illegal conduct is either too trivial to warrant condemnation through conviction, or that the conduct itself does not—or cannot—cause or threaten the harm or evil sought to be prevented by a statute or rule."  He asserts the district court erred in refusing his proffered instruction because the de minimis defense is an appropriate theory of defense under Wyoming law.

[¶14]  "The law in Wyoming is well-settled with respect to instructing a jury on the defendant's theory of the case." *Kessel v. State*, 2023 WY 120, ¶ 15, 539 P.3d 406, 409 (Wyo. 2023) (quoting *Nelson v. State*, 2010 WY 159, ¶ 14, 245 P.3d 282, 285 (Wyo. 2010)).  Fundamentally, "the offered instruction must present a defense recognized by statute or case law in this jurisdiction." *Id.* (quoting *Nelson*, ¶ 14, 245 P.3d at 286).

[¶15]  Some states have enacted statutes codifying the de minimis infraction defense. *See* Haw. Rev. Stat. Ann. § 702-236 (West 2025); Me. Rev. Stat. Ann. tit. 17-A, § 12 (2025);

3

N.J. Stat. Ann. § 2C:2-11 (West 2025). These statutes are based on § 2.12 of the Model Penal Code, and they give the court, not a jury, the ability to dismiss a prosecution if certain criteria are met. Haw. Rev. Stat. Ann. § 702-236; Me. Rev. Stat. Ann. tit. 17-A, § 12; N.J. Stat. Ann. § 2C:2-11; Model Penal Code § 2.12 (Am. L. Inst. 2023). Section 2.12 of the Model Penal Code states:

> The [c]ourt shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> > (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; or
> >
> > (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
> >
> > (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.
>
> The [c]ourt shall not dismiss a prosecution under Subsection (3) of this Section without filing a written statement of its reasons.

The Wyoming legislature has not enacted a statute adopting § 2.12 of the Model Penal Code or any other statute adopting a general de minimis infraction defense.

[¶16] Because there is no statute enacting the de minimis infraction defense in Wyoming, we must decide if it is "a defense recognized by . . . case law in this jurisdiction." *Kessel*, 2023 WY 120, ¶ 15, 539 P.3d at 409 (quoting *Nelson*, 2010 WY 159, ¶ 14, 245 P.3d at 286). This Court has recognized common-law defenses were retained when the legislature enacted the Wyoming Criminal Code, Wyoming Statutes §§ 6-1-101 et seq., unless otherwise provided in the Criminal Code. *See Iseli v. State*, 2007 WY 102, ¶ 10, 160 P.3d 1133, 1136 (Wyo. 2007); *Bouwkamp v. State,* 833 P.2d 486, 490 (Wyo. 1992); Wyo. Stat. Ann. § 6-1-102(b) (2023). We discussed possible common-law defenses in *Keser v. State*:

> Many defenses to criminal actions are not specifically contained within the specific criminal statute.

4

> "Possible bars to conviction include alcoholism, alibi, amnesia, authority to maintain order and safety, brainwashing, chromosomal abnormality, consent, convulsion, custodial authority, defense of habitation, defense of others, defense of property, **de minimis infraction**, diplomatic immunity, domestic (or special) responsibility, double jeopardy, duress, entrapment, executive immunity, extreme emotional disturbance, hypnotism, immaturity, impaired consciousness, impossibility, incompetency, insanity, intoxication (voluntary and involuntary), involuntary act defenses, judicial authority, judicial immunity, justification, law enforcement authority, legislative immunity, lesser evils, medical authority, mental illness (apart from insanity), military orders (lawful and unlawful), mistake (of law and fact), necessity, official misstatement of law, parental authority, plea bargained immunity, provocation, public duty or authority, reflex action, renunciation, self-defense, somnambulism, the spousal defense to sexual assaults and theft, statute of limitations, subnormality, testimonial immunity, the unavailable law defense, unconsciousness, and withdrawal." 1 Robinson, Criminal Law Defenses, p. 70, fn. 1 (1984).

> Some of these defenses are statutory but many are common-law defenses. **Some are not recognized in Wyoming**.

706 P.2d 263, 269 (Wyo. 1985) (emphasis added). In *Keser*, we reviewed whether Wyoming recognizes the parental-authority defense. *Id.* We were not asked to decide whether the de minimis infraction defense is one of the common-law defenses recognized in Wyoming. *Id.*

[¶17]  We were asked to adopt the de minimis defense in a case involving a conviction for submitting false claims in *Haskell v. State*, 2018 WY 85, ¶¶ 34–35, 422 P.3d 955, 965 (Wyo. 2018). We declined to do so because the appellant in that case "[did] not explain what that defense would look like or cite any case in which we recognized or applied such a defense to find insufficient evidence for a criminal conviction." *Id.* at ¶ 35, 422 P.3d at 965. Without cogent argument or citation to pertinent legal authority, we declined to "invent a *de minimis* defense" for the charge of submitting a false claim. *Id.*

5

[¶18]  Mr. Gober admits the availability of the de minimis defense in Wyoming criminal cases has never been established by this Court.  He also admits the Wyoming legislature has not passed a statute codifying the de minimis defense as other jurisdictions have done.  However, because this Court has recognized a de minimis standard in other dissimilar contexts, such as deciding if an error that occurred during a trial was harmless, Mr. Gober asserts "one can only conclude this defense to be a valid defense in criminal law."

[¶19]  While there may be some charge to which a de minimis defense could apply,[1] we conclude the district court properly found it does not apply to violations of Wyoming Statute § 35-7-1031.  We have long recognized the legislature has the authority to determine what conduct should be criminalized. *See Dahl v. State*, 2020 WY 59, ¶ 25 n.4, 462 P.3d 912, 917 n.4 (Wyo. 2020) (quoting *Smith v. State,* 964 P.2d 421, 423 (Wyo. 1998)); *Yager v. State,* 2015 WY 139, ¶ 18, 362 P.3d 777, 782 (Wyo. 2015) ("Whether such conduct should be criminalized is a decision for the legislature.").  The legislature has determined the possession of methamphetamine should be criminalized. *See* Wyo. Stat. Ann. § 35-7-1031(c)(i).  Wyoming Statute § 35-7-1031(c) sets forth the amounts of controlled substances that elevate possession of the drug from a misdemeanor to a felony. *See* § 35-7-1031(c)(ii)-(iii) (stating anyone who possesses a controlled substance in amounts greater than those set forth in paragraph (c)(i) is guilty of a felony instead of a misdemeanor).  As noted by the district court, Wyoming Statute § 35-7-1031(c) does not set forth a minimum amount of methamphetamine a person must possess for that conduct to be criminal.

[¶20]  The knowing or intentional possession of any amount of methamphetamine, no matter how small, is a crime under Wyoming Statute § 35-7-1031(c).  Therefore, the de minimis infraction defense cannot apply to violations of Wyoming Statute § 35-7-1031(c) because it is "otherwise provided" in the Criminal Code. *See* Wyo. Stat. Ann. § 6-1-102(b).  Giving Mr. Gober's proposed de minimis infraction instruction would have informed the jury they could disregard Wyoming Statute § 35-7-1031(c) and decide for themselves how much methamphetamine a person may legally possess.  Because the proposed de minimis infraction instruction did not contain a proper statement of Wyoming law or a defense recognized in this jurisdiction, the district court properly refused to give the instruction. *See Vargas*, 2024 WY 95, ¶ 13, 554 P.3d at 1272 (holding a district court does not err when

---

[1] The legislature crafted the statute governing the crime of wrongful appropriation of government property to specifically allow a defendant to raise a de minimis defense. *See* Wyo. Stat. Ann. § 6-5-110(c) (2023) ("This section shall not apply to limited use of government property or resources for personal purposes if the use does not interfere with the performance of a governmental function and either the cost or value related to the use is de minimis or the public servant reimburses the government for the cost of the use.").  The legislature may choose to adopt this defense for other crimes, or there may be other occasions where the application of the common-law defense would not be contrary to the express provisions of the Wyoming Criminal Code.  However, this Court does not issue advisory opinions. *Matter of Est. of Rowe*, 2021 WY 87, ¶ 7, 492 P.3d 888, 891 (Wyo. 2021) (quoting *Spear v. Nicholson*, 882 P.2d 1237, 1242 (Wyo. 1994)).  Therefore, we will not speculate on what those offenses might be or prematurely rule on how the de minimis defense might properly be raised in such a case.

6

it refuses to provide a theory of defense instruction that does not correspond to a proper theory of defense recognized by statute or case law); *Chavez-Becerra v. State*, 924 P.2d 63, 67 (Wyo. 1996) (citing *Stapleman v. State,* 680 P.2d 73, 76 (Wyo. 1984)) ("[I]nstructions which do not contain a proper statement of the law are properly refused.").

[¶21]  In addition, Mr. Gober acknowledged at oral argument that a de minimis infraction defense would be akin to jury nullification[2] in this case.  He asked this Court to "empower the jury to decide how much methamphetamine one can actually possess before they should be prosecuted for it, or not prosecuted for it, but convicted for it."  We have recognized that while "[j]ury nullification may occur for whatever reason[,] . . . [it] is not a right enjoyed by a defendant in a criminal case." *Henderson v. State*, 976 P.2d 203, 206 (Wyo. 1999) (citing *Nollsch,* 724 P.2d at 449–50).  A jury may have the power "to return a 'not guilty' verdict and not uphold the law," but a defendant is not entitled to have the jury informed of that power by the judge. *Id.* at 207 (quoting *United States v. Dougherty,* 473 F.2d 1113, 1136 (D.C. Cir. 1972)).  "Our rule is that the trial court has a duty to instruct the jury on the law applicable to the case before it." *Id.* (citations omitted).  The applicable law in this case makes the knowing or intentional possession of any amount of methamphetamine, no matter how small, unlawful. Wyo. Stat. Ann. § 35-7-1031(c).  Therefore, it would be "error for a judge to instruct the jury to disregard the law." *Henderson*, 976 P.2d at 207.  Accordingly, the district court properly refused Mr. Gober's de minimis infraction instruction.

## CONCLUSION

[¶22]  The district court properly refused Mr. Gober's de minimis infraction instruction because it did not contain a proper statement of Wyoming law and was in effect a request for a jury nullification instruction.  Affirmed.

---

[2] We have described jury nullification as "[t]he unreviewable power of a jury to acquit even in the fact of overwhelming evidence of guilt . . . ." *Nollsch v. City of Rock Springs,* 724 P.2d 447, 449 (Wyo. 1986) (citations omitted).